SARAH L. CHASE *vs.* JOSEPH A. PERLEY.

Essex.    November 29, 1888. — January 3, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Trust in Personalty — Evidence — Declarations — Witness — Cross-examination — Exceptions.*

An express trust in personal property may be created and proved by parol; and evidence that money was given to a person, with oral directions to make certain payments out of it, and to divide the remainder between himself and others, is sufficient for that purpose.

A beneficiary under the trust, after the trustee has made such payments, may maintain an action at law against him to recover his share of such remainder.

On the issue, at the trial of such an action, whether money handed to another beneficiary by the trustee, who received in return an unsecured note therefor, was a loan or a payment on account of such beneficiary's share, evidence was *held* to be competent that the trustee, in subsequently buying land of such beneficiary, paid him in cash, and made no allusion to the fact that he was acting for a third person, as he claimed at the trial.

Declarations of the donor, made a day or two after the money ẃas handed over by

him, that he wished the trustee alone to have such remainder, were *held*, there being no question as to his mental condition, to be incompetent.

The trustee's son having testified that he heard the donor tell his father to keep such remainder himself, it was *held* to be competent to show by his cross-examination that he did not tell his father what he knew of that interview until after the trial of another action, to which his father was a party and which involved the same questions, and that he did not testify at that trial, although the action was brought for his benefit.

No exception was *held* to lie to the allowance of certain questions on the cross-examination of such witness, the answers to which did not appear to be unfavorable to the excepting party.

Receipts, not put in evidence, though held in view of the jury and in front of a witness who, in reply to questions about them, said that he did not know, were *held* to be rightly withheld from the jury-room.

Evidence being admitted that the action was not begun until the plaintiff had heard that a result favorable to his claim had been reached in another action involving the same questions, evidence was *held* admissible that he gave instructions for the bringing of the action before he knew of such result.

On the issue whether the trustee told the plaintiff that "your part of the money coming to you" is "in the bank," evidence that the trustee had no money in the bank at the time was *held* incompetent.

Evidence that the trustee testified differently before an auditor, to whom the case was referred, cannot be contradicted by evidence that at another trial involving the same questions he testified in the same way as at the trial of this action.

CONTRACT to recover a part of a trust fund. Writ dated August 21, 1886. An auditor to whom the case was referred reported in favor of the plaintiff. Trial in the Superior Court, before *Thompson*, J., who allowed a bill of exceptions, which, so far as material, was as follows.

The plaintiff introduced evidence tending to show that the defendant, the plaintiff, and William H. Perley were the only children of Joseph G. Perley, who died on April 19, 1883; that Joseph G., shortly before his death, gave to the defendant five thousand and fifty dollars, orally directing the defendant to deposit it in a bank, and, after making certain gifts on behalf of Joseph G. and paying all his debts and the expenses of settling his estate, to divide the balance then remaining between the plaintiff, the defendant, and their brother; that there remained in the hands of the defendant, after making such payments, a balance of about five thousand dollars; and that the defendant was duly appointed administrator of the estate of Joseph G., making no mention in his accounts as such administrator either of the five thousand and fifty dollars or of debts or charges against the estate. The defendant introduced evidence tending

Mass.]
CHASE v. PERLEY.
291

to show that he received the moneys in question from Joseph G. upon an agreement that,-after making the payments referred to, all of which he had made, the balance then remaining should belong to him.

It appeared in evidence, among other things not material, that on April 23, 1883, the defendant handed to William H. Perley one thousand dollars, receiving in return only the non-negotiable promissory note of the latter for that amount, payable to the defendant, and that the defendant, in an action on the note, in 1885, failed to recover (*Perley* v. *Perley*, 144 Mass. 104), the defendant contending that the transaction was a loan, but the plaintiff contending that it was a payment by the defendant on account of the share of William H. of the fund in question. The plaintiff was then permitted, against the objection of the defendant, to ask him, on cross-examination, if, in February, 1884, he did not buy real estate from William H. and pay him two hundred dollars in cash for it; to which the defendant replied that he did, but that he bought it for a Mrs. Newhall, who repaid the money advanced by him for that purpose. The plaintiff thereupon called William H. as a witness, who testified, against the defendant's objection, that when the defendant bought the real estate in question from him no mention was made of Mrs. Newhall, nor was any suggestion made that the defendant was buying the land for her.

The defendant called as a witness Elizabeth G. Ramsdell, who was the nurse attending Joseph G. Perley, the defendant's father, during his last illness, and offered to show by her that his father made statements and declarations to her, a day or two after the money was claimed to have been given to the defendant, that it was given to the defendant as his own, subject to the payments above stated, and that after such disbursements the balance was to belong to the defendant absolutely. The judge excluded this evidence, and the defendant excepted.

The defendant also called as a witness Frank S. Perley, a son of the defendant, who testified that he was present at a conversation between his father and his grandfather, the day after the money had been deposited in the bank, and that he heard his grandfather state that the money so deposited was a gift to his

father, subject to the payments referred to; and also that he had worked for his grandfather from November, 1882, up to the time of his death, and that during the time he had worked for his grandfather he had received no money from him on account of his services. The witness then testified, on cross-examination, against the defendant's objection, in reply to questions put to him by the plaintiff, that he was the owner of the note given by William H. Perley to his father at the time that his father brought the action upon it, that he did not testify at the trial of that action, and that he never told his father what he knew of the interview between his grandfather and father until after that trial. The witness was also asked, against the defendant's objection, with reference to his statement that he received no money from his grandfather for his services, whether he had not pawned a watch of his grandfather to raise money during the time he worked for him and before June, 1883; to which he replied in the negative.

The defendant, on cross-examination, was asked certain questions by the plaintiff with a view to discredit two receipts relied on by the defendant as showing payments for which he ought to be credited. The plaintiff then called upon the defendant to produce the vouchers which he had taken in settlement of his father's debts, and, upon their production by the defendant's counsel, the plaintiff's counsel held such vouchers in a bunch in front of the defendant, and in view of the jury, and asked him to explain to the jury how it was that the two receipts referred to were cleaner than the others, and were not folded as some of the receipts in the bunch were; to which the defendant answered, that the receipts had not been in his possession for a year, and that he knew nothing about their cleanliness. The bunch of receipts was then returned to the defendant's counsel, and when the jury were about to retire, the defendant claimed the right to send to the jury-room the bunch of receipts, in addition to the two receipts referred to which were sent by the plaintiff; but, upon the plaintiff's objecting thereto, the judge refused to allow the bunch of receipts to go to the jury-room, and the defendant excepted.

It also appeared in evidence, that the action brought by the defendant against William H. Perley, on the note above referred

to, was tried in June, 1886, and that " no suit had been commenced against this defendant by the plaintiff in this action, or by her brother, until after the trial upon the note of William H. Perley." The plaintiff was then permitted, against the defendant's objection, to testify that, when she gave instructions for the bringing of this action, she did not know which party had prevailed in the action upon that note.

There was also evidence on the part of the plaintiff, by witnesses called by her, that the defendant said to the plaintiff, in September, 1883, among other things, " There are thirteen hundred dollars in the bank, your part of the money coming to you." The defendant then offered evidence to show, that, at the time it was said that such a statement was made by him, there was no part of this money deposited in the bank referred to, or any bank, and that it had been drawn out a long time before ; and called the book-keeper of the bank where the money had been deposited, and offered to show by his testimony and the books belonging to the bank, that there was no money in the bank at the time when the alleged conversation about the thirteen hundred dollars was said to have taken place, and that all the money received by him from his father and deposited in the bank had been drawn out a long time before the time of this alleged conversation. The judge excluded this evidence, and the defendant excepted.

The plaintiff also called as a witness a stenographer, who testified that the testimony of the defendant, as given by him in this action, with respect to certain matters, differed from that given by him before the auditor. The defendant then offered to show, as contradicting this statement, from the testimony of another stenographer who was present at the trial of the action against William H. Perley upon the note, that he had at that trial testified in the same way as in this action. The judge excluded this evidence, and the defendant excepted.

At the close of the evidence, the judge refused to rule, as requested by the defendant, first, that upon this evidence the plaintiff was not entitled to recover ; and, secondly, that if the jury should find that the money sued for was not a gift to the defendant by the defendant's father, then it was a portion of the estate of Joseph G. Perley, for which the defendant would

be bound as administrator of his father's estate to account in the Probate Court, and the plaintiff could recover no portion of the money in this case, and the defendant would be entitled to a verdict.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. F. Hurlburt*, for the defendant.

*W. H. Niles & G. J. Carr*, for the plaintiff.

KNOWLTON, J. An express trust in personal property may be created and proved by parol. *Davis* v. *Coburn*, 128 Mass. 377. There was evidence from which the jury might find that the defendant received the money from his father upon a trust for the plaintiff and others. There was also evidence that the trust had been so far performed that nothing remained to be done but to pay the plaintiff and her brother, William H. Perley, certain ascertained sums. Upon this evidence the plaintiff could maintain an action at common law, and was not obliged to seek relief in equity. *Johnson* v. *Johnson*, 120 Mass. 465. The defendant's requests for instructions to the jury were therefore rightly refused.

The only remaining exceptions relate to the admission and exclusion of evidence. In the action between the defendant and his brother, William H. Perley, the matter in controversy was the ownership of one thousand dollars of the money that the defendant received from his father, which he contended was given him to be his own, after the payment from it of certain debts and the funeral expenses. It was competent for the plaintiff in the case at bar to present to the jury anything in the conduct of the defendant in reference to the money, and to the one thousand dollars which was a part of it, that tended to show his recognition of his brother's right in it. As bearing upon the defendant's claim of ownership of the entire fund, including the one thousand dollars delivered to his brother, the fact that he paid his brother two hundred dollars in cash for real estate, when, if his assertion was true, his brother owed him an unsecured debt of one thousand dollars, was a circumstance proper for the consideration of the jury; and it was competent for the plaintiff, either before or after the cross-examination, to show that the defendant made the purchase and paid the money

on his own account, and said nothing about Mrs. Newhall, or anybody else but himself, as the purchaser.

There being no question as to the mental condition of the defendant's father, his declarations made to the witness Ramsdell, a day or two after the transaction was completed, were incompetent.

The defendant's son, Frank S. Perley, having testified that he heard a conversation between his father and grandfather, in which it was said that the money was given to his father, it was competent to show by his cross-examination that he was the owner of the note upon which suit was brought against his uncle, William H. Perley, and that he did not testify in that case, and did not tell his father what he knew of the interview until after the trial. His answers in relation to his grandfather's watch render it unnecessary to consider the competency of the questions.

The receipts were not put in evidence. They were held in a bunch in front of the defendant, and in view of the jury, and the defendant was asked certain questions about them, to which he answered that he did not know. The judge rightly refused to allow them to be taken to the jury-room.

We do not see that the defendant could have been harmed by the evidence in relation to the plaintiff's knowledge of the result of the suit between the defendant and his brother, at the time her suit was brought, or at the time she ordered it brought. It is stated in the bill of exceptions, that " no suit had been commenced against this defendant by the plaintiff in this action, or by her brother, until after the trial upon the note " in the former case; and if it could properly be argued from that fact that the plaintiff's claim was an afterthought, suggested by the result of that trial, she might be permitted to meet the argument by showing that she ordered the suit to be brought before she knew which party had prevailed.

The evidence offered by the defendant, that he had no money in the bank at the time when the plaintiff's witnesses said he made admission in regard to the ownership of the money deposited there, was not competent. It had no tendency to contradict the statement of the witnesses as to what he said, and the question in issue was not whether the money was in the bank at any particular time, but to whom it belonged.

The testimony of the stenographer, that the defendant had testified at the trial in the suit against his brother in the same way as at this trial, was not competent to corroborate the defendant. It had no tendency to contradict the testimony of the other stenographer, that he testified differently before the auditor.

*Exceptions overruled.*