ANN M. GANNON *vs.* JOSEPHINE ST. P. RUFFIN.

Suffolk.    January 8, 1890. — February 27, 1890.

Present : DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Agency — Forgery — Set-off by Administrator.*

On the issue whether a receipt for money with the plaintiff's name appended in her daughter's handwriting, the former denying receiving the money and the latter denying the signature, was signed by the plaintiff's authority, it appeared that for a period covering the time when the paper was signed and the trial the daughter had been in confidential relations with her mother, and, owing to the latter's inability to write, had done most of her writing, including all her correspondence. *Held,* that a finding was warranted that the daughter signed the mother's name by her authority.

In an action against an administrator, a claim was filed in set-off for money which a written instrument signed by the plaintiff recited that she had "received in trust" from the intestate, "the same to be accounted for" to the intestate. *Held,* that the claim could be set off under the Pub. Sts. c. 168, whether the instrument imported a trust or a debt merely.

CONTRACT, on an account annexed, against the administra-trix of the estate of Emily St. Pierre, to recover four hundred and seventy-six dollars for medical services rendered the intestate. Writ dated August 31, 1887. The defendant filed a declaration in set-off, alleging that the plaintiff had or held in trust for the intestate the sum of eleven hundred dollars, according

to a written agreement annexed thereto. The agreement was as follows :

" Boston, May 1, 1881. This certifies that I have received in trust from Mrs. Emily St. Pierre eleven hundred dollars on this date, the same to be accounted for to her. Mrs. A. M. Gannon."

At the trial in the Superior Court, without a jury, before *Hammond*, J., the plaintiff objected that the claim alleged against the plaintiff was not a matter of set-off ; but the judge overruled the objection, and admitted the above writing in evidence. The only evidence in regard to this paper was that it was found in a bank-book among the effects of the intestate. The defendant contended and offered evidence tending to show that the paper was written by the daughter of the plaintiff, which evidence was entirely confined to comparisons of handwriting and to experts in the same, standards of the handwriting of the daughter at various dates being exhibited to the experts and to the judge. There was no evidence that the paper was written by the plaintiff. The plaintiff denied ever giving such receipt, or having any money from the intestate, and the daughter testified that she never wrote the receipt or was authorized to do so. The only evidence of any agency or authority on the part of the daughter to act for her mother was contained in the cross-examination of the plaintiff and her daughter. This testimony tended to show that for a number of years, from and including the year 1881 down to the time of the trial, the daughter, because of an accident to her mother which prevented her from writing with her right hand, had done most of the plaintiff's writing, including all her correspondence and the keeping of her accounts at her dictation.

Upon these facts, the plaintiff contended that there was no evidence which would warrant a finding against her in set-off ; but the judge, deducting an amount found due by him to the plaintiff on her account annexed, found a balance due to the defendant on the receipt ; and the plaintiff alleged exceptions.

*L. M. Child*, for the plaintiff.

*T. Riley & H. St. P. Ruffin*, for the defendant.

HOLMES, J. The question principally argued is whether there was any evidence to sustain the defendant's declaration in set-off. The defendant put in an instrument purporting to be signed

by the plaintiff, and acknowledging the receipt of eleven hundred dollars in trust, to be accounted for to the defendant's intestate. If we assume in favor of the plaintiff, that the judge did not find that the paper was signed by the plaintiff in person, then he found that it was signed by the plaintiff's daughter, as there is no question that he was warranted in doing. We start with the fact thus established. But not only did the plaintiff deny the receipt of the money, but the daughter denied the signature, so that the judge may have thought that he had before him a case which was being supported by perjury. Of course this did not take the place of affirmative evidence of the daughter's authority to sign her mother's name, but it warranted reliance upon comparatively little evidence, since the situation made it impossible to produce more. It appeared that the daughter was in confidential relations with her mother, which continued at the time of the trial, and that she had done most of her mother's writing, and all of her correspondence, for a number of years. There was evidence that this course of employment extended back to the time when the paper was signed, the mother being unable to write with her right hand. The signature was of the plaintiff's name simply. Under such circumstances, it is far more probable that the daughter acted by authority than that she forged her mother's name. The judge was warranted in drawing an inference in accordance with the manifest probabilities.

It is objected that the claim against the plaintiff is not matter of set-off. The judge seems to have found that the plaintiff received the money to the use of the defendant's intestate, or, in other words, that she made herself a debtor for the amount. Certainly it may be doubted whether the instrument means anything more than that, and if not, as the debt was payable at any time on demand, it was a proper matter of set off. If, on the other hand, the instrument *imports* a trust properly so called, rather than a debt, so that the plaintiff was bound to keep the fund identified, but was only responsible for reasonable care in its preservation, and was not personally answerable for an equivalent sum from her assets generally and at all events, still we think that the defendant's demand could be set off, under the Pub. Sts. c. 168, §§ 1, 14, consistently with §§ 2, 3.

The trust was a naked one, which the defendant could terminate as matter of right. *Underwood* v. *Boston Five Cents Savings Bank*, 141 Mass. 305, 306. Upon demand and refusal to pay it over, the money could be recovered in an action of assumpsit, that is, upon an implied contract. *Johnson* v. *Johnson*, 120 Mass. 465. It would serve no useful purpose to exclude the set-off of such a demand by a narrow construction of the statute. It is enough that the demand is "capable of being liquidated, or ascertained with precision at the time of pleading." *Morley* v. *Inglis*, 4 Bing. N. C. 58, 71.                    *Exceptions overruled.*