JAMES W. MINCHIN *vs.* HANNAH MINCHIN.

Suffolk.    March 15, 1892. — October 21, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Trial — Trust in Personal Property — Evidence.*

That a case proved at the trial differs from that stated by the plaintiff in his opening affords the defendant no ground of exception, if the evidence was competent under the pleadings.

In an action at law to recover money purporting to be conveyed, by an instrument under seal, to the defendant absolutely, oral evidence is admissible to show that the money was conveyed to the defendant in trust, to keep it and to pay it over to the plaintiff on demand.

CONTRACT, for money had and received.    At the trial in the Superior Court, before *Thompson,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

The case was argued at the bar in March, 1892, and afterwards was submitted on the briefs to all the judges.

*G. R. Swasey,* (*D. A. Hincks* with him,) for the defendant.

*C. W. Bartlett & W. C. Wait,* for the plaintiff.

FIELD, C. J.    The defendant objects that the case proved at the trial differed in some respects from the statement of the case made by the plaintiff's counsel in his opening, but we do not see that the evidence admitted was inconsistent with the case stated in the opening, and if it were, this would not be a ground of exception if the evidence was competent under the pleadings.

The written paper was under seal and was signed by the plaintiff, and it purports to convey the money sued for absolutely to John Minchin, who was the defendant, and the executrix of

whose will defends the suit, he having died. The conveyance contains full covenants like those contained in a warranty deed of land, and is " in consideration of five dollars (and love and affection) to me paid by John Minchin," etc. The evidence admitted against the defendant's objection consisted of oral evidence tending to prove that the money was delivered to John Minchin, and showing the circumstances under which it was delivered and the paper signed, and of conversations with John Minchin or of statements made by him afterwards, to the effect that the money was held by him as the property of the plaintiff and for his benefit.

Under the rulings and instructions of the presiding justice the principal question is whether, in an action at law to recover the money, it is competent to show by oral evidence that the money was conveyed to John Minchin in trust, to keep it and to pay it over to the plaintiff on demand. The action is in substance an action for money had and received to the plaintiff's use. It is settled that an express trust in personal property may be created orally, and may be proved by oral testimony. *Sturtevant* v. *Jaques,* 14 Allen, 523. *Childs* v. *Jordan,* 106 Mass. 321. *Thacher* v. *Churchill,* 118 Mass. 108. *Davis* v. *Coburn,* 128 Mass. 377. *Chace* v. *Chapin,* 130 Mass. 128. *Chase* v. *Perley,* 148 Mass. 289.

We do not deem it necessary to consider the cases which hold that a formal conveyance like this in an action at law cannot be shown by oral testimony to have been intended as a mortgage or as collateral security, or as anything else than an absolute conveyance, on the ground that such evidence contradicts the writing. Some of these cases are cited in *Reeve* v. *Dennett,* 137 Mass. 315. In general they are actions which concern the legal title. In equity it has been held that an absolute deed of land may be shown to be a mortgage by oral testimony; *Campbell* v. *Dearborn,* 109 Mass. 130, and in equity an absolute conveyance of personal property may be shown by oral testimony to have been made in trust for the grantor or for other persons. *Davis* v. *Coburn,* and other cases cited. See *Hess' appeal,* 112 Penn. St. 168; *Calder* v. *Moran,* 49 Mich. 14; *Edinger* v. *Heiser,* 62 Mich. 598; *Mohn* v. *Mohn,* 112 Ind. 285; *Thomas* v. *Merry,* 113 Ind. 83; *Barry* v. *Lambert,* 98 N. Y. 300; *Danser*

v. *Warwick*, 6 Stew. 133 ; *Twomey* v. *Crowley*, 137 Mass. 184; 1 Perry on Trusts, § 86; Pom. Eq. Jur. § 1008. Such a trust usually can be enforced only in equity, but when the trust is to pay over money to the plaintiff on demand, and nothing else remains to be done, an action at law can be maintained. *Chase* v. *Perley, ubi supra.* Such an action is of an equitable character, and it proceeds on the ground that the legal title is in the defendant, but that in equity and good conscience he should hand over the property to the plaintiff. We see no reason why in such an action brought to enforce such a trust the rules of equity regarding the admission of evidence should not prevail. In the view of equity the evidence does not contradict the writing, but tends to establish an equitable title consistent with the legal title which was conveyed to the defendant by the writing and by the delivery. In a grant of land with full covenants, but in trust for the grantor, whether the trust is declared in the deed of grant, or in a writing signed by the grantee, the trust is not regarded as inconsistent with the grant or with the covenants, and when the statute of frauds does not require the trust to be created or proved by a written instrument, the oral declaration of such a trust is not in equity regarded as inconsistent with a similar grant of personal property. If any of the evidence admitted related to conversations had before the writing was signed, the objection to its admission does not appear to have been taken on that ground, and, so far as has been pointed out, the conversations may be considered as showing only the circumstances under which the written conveyance was signed.

*Exceptions overruled.*