THOMAS HENCHEY, administrator, *vs.* NICHOLAS HENCHEY.

Worcester.　　September 29, 1896. — October 23, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Money had and received — Trust — Action.*

If money is deposited by A. in a savings bank to the credit of " A. or B., trustee for A.," for the purpose of A.'s support and burial, and B. draws the money from the bank and appropriates it to his own use without A.'s knowledge or consent, the administrator of A.'s estate may maintain an action against B. for money had and received.

CONTRACT, by the administrator of the estate of Elizabeth Henchey, for money had and received by the defendant to the use of the plaintiff's intestate. At the trial in the Superior Court, before *Gaskill*, J., the jury returned a verdict for the defendant ; and the plaintiff alleged exceptions, which appear in the opinion.

*W. A. Gile*, for the plaintiff.

*C. C. Milton*, for the defendant.

FIELD, C. J. The exceptions recite as follows: " The plaintiff claimed and argued to the jury that, if a trust was created, it would not prevent him from recovering what was due from the defendant on the count for money had and received, and asked the court to rule that, if the money was deposited by the mother for the purpose of her support and burial, and the son drew it out and appropriated it to his own use without her knowledge or consent, the plaintiff could recover. No contention was made that any settlement of the trust had ever been made, but it was claimed by the plaintiff that it was still open if there was a trust. The court declined to rule as requested, but did instruct the jury as follows : ' If the money was deposited upon a trust, and a trust was created and accepted, and the money was taken out by the son, the defendant, without the knowledge or consent of the mother and no subsequent assent on her part, then in this action the plaintiff cannot recover.' Other instructions not excepted to were given by the court upon all phases of the case, including the subject matter of the trust and the question of gift and others."

There was evidence that the money sued for was deposited in the Worcester County Institution for Savings on September, 28, 1886, by Elizabeth Henchey, the plaintiff's intestate, in the presence of the defendant, and that it was deposited to the credit of "Elizabeth Henchey, or Nicholas Henchey, trustee for Elizabeth"; that the deposit-book was delivered to Elizabeth Henchey, in which the money stood credited in the same manner; and that Mrs. Henchey said to the defendant "before going to the bank and just before they went into the bank that she wanted the money deposited in trust so that he could use it to support her with in her old age, and to give her a decent burial when she died." This is the trust referred to in the plaintiff's request. There was also evidence that Mrs. Henchey some time after this "told the defendant and his wife — both of whom testified to the fact — that she would give Nicholas, the defendant, one thousand dollars if he would purchase a farm; that a farm was selected by the defendant, and on the day before the papers were passed the plaintiff's intestate handed the bank-book in question to the defendant, so that he might draw out the money to put into the farm," and that the defendant assigned the bank-book to one Rice in part payment of the farm purchased. The defendant moved upon the farm, and the plaintiff's intestate went and lived with him there until her death.

The defendant contends that a *cestui que trust* cannot maintain an action at law for money had and received against the trustee while the trust remains open; that it is only when the account of the trustee has been made up and the amount due has been ascertained or agreed upon, and nothing remains to be done on the part of the trustee but to pay over the amount found due, that an action at law can be maintained by the *cestui que trust*.

But there are trusts of various sorts. If there was a trust here, the whole beneficial interest was in Mrs. Henchey, and so long as she held the bank-book she could draw the money at any time from the bank and use it as she saw fit. It was a trust which she could revoke at any time before the defendant had acted as trustee by withdrawing the money or some of it and applying it to her support. It does not appear that

the defendant ever acted under the trust. If his testimony is true, the money was ultimately given to him to be used in the purchase of a farm. If there were an understanding that he should support her on the farm and see her decently buried, in consideration of this and other gifts, this is a different transaction from the execution of the original trust. If, as the request assumes, the defendant drew the money from the bank and appropriated it to his own use without his mother's knowledge or consent, this is a repudiation of the trust on which the money stood deposited. As the defendant never had acted as trustee there were no open accounts between him as trustee and his *cestui que trust.* His misappropriation, if there was one, is the misappropriation of a definite sum of money belonging to the plaintiff's intestate. Where there is or has been a trust, and it is the duty of the trustee to pay to his *cestui que trust* a definite sum of money on demand, and nothing else remains to be done, an action at law can be maintained by the *cestui que trust.* *Underwood* v. *Boston Five Cents Savings Bank,* 141 Mass. 305. *Chase* v. *Perley,* 148 Mass. 289. *Gannon* v. *Ruffin,* 151 Mass. 204. *Minchin* v. *Minchin,* 157 Mass. 265. In the opinion of a majority of the court, the substance of the plaintiff's request should have been given.                    *Exceptions sustained.*