FLORENCE M. SIMMONS *vs.* THOMAS E. BARNS, executor.

Worcester.    March 12, 1928.— May 24, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Trust,* Of personal property.  *Contract,* Implied.  *Executor and Adminis-trator.*  *Conversion.*  *Evidence,* Inference.  *Practice, Civil,* Amendment, Exceptions.

An action of contract or tort was begun by a writ directing attachment of the estate of a testator in the possession of the executor of his will.  The declaration was in three counts, the first being for money had and received by the defendant executor for the use of the plaintiff, and the second and third counts as amended alleging conversion by the testator "or" the defendant executor of bonds of the plaintiff formerly in the possession of the testator, delivery of which the plaintiff had demanded of the testator and the executor.  At the trial of the action there was evidence that the testator had given the bonds to the plaintiff and that, at the testator's suggestion, they then had been left in the testator's possession for safe keeping, he to give the plaintiff the interest and to renew them at maturity or invest their proceeds in something equally good which would give the plaintiff an equivalent return; that they matured during the testator's lifetime; that, although he paid interest to the plaintiff for eight and one half years, for some time before his death he made no payments; that no such bonds were found among his assets after his death.  There was no evidence of a demand by the plaintiff upon the testator for the bonds in his lifetime.  The judge ordered a verdict for the defendant on the counts for conversion of the bonds.  There was a verdict for the plaintiff on the first count.  *Held,* that

(1) There being no evidence of a demand upon the testator, the verdicts for the defendant on the counts for conversion properly were ordered;

(2) A finding was warranted that the testator accepted custody of the bonds and their proceeds in trust for the plaintiff;

(3) In the absence of evidence that the testator had reinvested the proceeds of the bonds or had expended them for the plaintiff, an infer-ence was justified that they were in his estate at the time of his death or had been used or expended by him;

(4) On the evidence, an action for such proceeds as money had and received by the testator for the use of the plaintiff might have been maintained against the testator during his life, and survived after his death;

(5) It was not necessary, in order to maintain such an action, to trace the specific proceeds of the bonds or to prove that the money came into the hands of the executor;

(6) No previous demand for the money was necessary as the foundation of such an action; on the count for money had and received the writ was a sufficient demand;

(7) Since the proceeds of the bonds were not received by the defendant executor to the plaintiff's use, but the issue, whether the money was received by the testator, was fully tried, the plaintiff was given leave to apply to the trial court to amend the declaration by substituting the name of the testator for that of the executor in the first count; if such amendment were made, exceptions by the defendant were to be overruled.

CONTRACT OR TORT. Writ dated December 17, 1925.

The writ directed the sheriff "to attach the goods or estate of Augustus Wheeler, late of Milford, in said County, Deceased, in the hands of Thomas E. Barns, of said Milford, the Executor of the will of said Augustus Wheeler."

The first count of the declaration read as follows:

"And now comes the plaintiff in the above entitled action, and says that the defendant owes her the sum of Five Thousand ($5,000) Dollars, being the proceeds of Five (5) One Thousand ($1,000) Dollar 5% bonds, received by the defendant to the plaintiff's use, together with interest thereon."

In the second and the third counts of the declaration as amended, the plaintiff alleged a demand for the bonds upon the defendant's testator or upon the defendant, a refusal by both to deliver them to the plaintiff, and a conversion by the defendant's testator "or" the defendant.

In the Superior Court, the action was tried before *Donahue*, J. Material evidence is stated in the opinion. The judge ordered verdicts for the defendant on the second and the third counts, but refused so to order on the first count; and on that count the jury found for the plaintiff in the sum of $6,475. Both parties alleged exceptions.

*W. C. Mellish,* for the defendant.

*W. C. Towne,* for the plaintiff.

SANDERSON, J. In this case a verdict was returned for the plaintiff upon a count for money had and received. Subject to the plaintiff's exception, the court directed a verdict for the defendant on counts two and three, based upon a conversion of the bonds by the deceased, Augustus Wheeler. The evidence would not justify a finding that demand for the bonds was made upon Wheeler or that he converted

them. No error appears in the ruling of the court on these counts.

The jury were warranted in finding that in the summer of 1913, the defendant's testator, Augustus Wheeler, delivered to the plaintiff five $1,000 bonds of the New York Central Railroad Company, bearing interest at five per cent payable May 1 and November 1 of each year; that thereupon she accepted his offer to place them in an envelope with her name upon it in his safe deposit box for safekeeping, giving her the interest twice a year, and to renew them at maturity or invest their proceeds in something equally good which would give the plaintiff an equivalent return. The evidence justified the finding that there was a valid gift of the bonds to the plaintiff. *Grover* v. *Grover,* 24 Pick. 261. *Bone* v. *Holmes,* 195 Mass. 495, 505. Although she examined the bonds, she was unable to state of what issue they were, but testified that Wheeler told her they would mature between 1916 and 1919. Interest was paid by Wheeler to the plaintiff, or to some one in her behalf, from November, 1913, to May, 1922. Thereafter she received no income from him except $50 and never received any payment on account of principal. When he died, in 1924, no bonds of the New York Central Railroad Company were found among his assets. The plaintiff wrote the executor in regard to the bonds and he informed her that he could find no record of such bonds in Wheeler's papers. There was evidence from which it could have been found that only two issues of New York Central five per cent bonds were outstanding in August and September of 1913, on which coupons became due and payable May 1 and November 1; one of these maturing November 1, 1922, the other May 1, 1918. The jury could have found that the bonds were a part of one of these issues; that both issues were paid at par at maturity; and that Wheeler, having undertaken to collect them at maturity, then received their proceeds. There was testimony tending to show that in 1920 Wheeler burned all his personal books of account and records, making it impossible to determine what he might have done with the proceeds of any bonds.

The jury could have found that a valid trust in these bonds

and in their proceeds was proved. *Jenkins* v. *Bacon*, 111 Mass. 373, 377. *Chase* v. *Perley*, 148 Mass. 289, 294. It is the trustee's duty to account for money held by him in trust. *Ashley* v. *Winkley*, 209 Mass. 509, 525. *Chamberlain* v. *Henry*, *ante*, 63, 66. The trust could have been terminated by the plaintiff at any time as matter of right. Nothing would remain for the trustee to do but to pay over the money. *Farrelly* v. *Ladd*, 10 Allen, 127. *Chase* v. *Perley*, *supra*. *Gannon* v. *Ruffin*, 151 Mass. 204, 207. "When trust money becomes so mixed up with the trustee's individual funds that it is impossible to trace and identify it as entering into some specific property, the trust ceases." *Little* v. *Chadwick*, 151 Mass. 109, 110. *Lowe* v. *Jones*, 192 Mass. 94, 100. The defendant offered no evidence tending to prove that Wheeler reinvested or expended for the plaintiff the money received for the bonds at maturity, and in the absence of such evidence the inference was justified that it was in his estate at the time of his death or had been used or expended by him. "Where there is or has been a trust, and it is the duty of the trustee to pay to his *cestui que trust* a definite sum of money on demand, and nothing else remains to be done, an action at law can be maintained by the *cestui que trust*." *Henchey* v. *Henchey*, 167 Mass. 77, 79. "Where property belonging to the plaintiff has been reduced to money after it was received by the defendant but before the action is brought, money had and received lies." *Devlin* v. *Houghton*, 202 Mass. 75, 78. On the evidence such an action could have been maintained against Wheeler during his life. *Arms* v. *Ashley*, 4 Pick. 71, 73. *Flye* v. *Hall*, 224 Mass. 528, 529. An action so begun would have survived and it may, therefore, be prosecuted against his executor. G. L. c. 230, § 1. To maintain the action it is not necessary to trace the specific proceeds of the bonds or to prove that the money came into the hands of the executor. *Attorney General* v. *Brigham*, 142 Mass. 248, 250, 251. *Minchin* v. *Minchin*, 157 Mass. 265, 266. *Henchey* v. *Henchey*, *supra*. *Hewitt* v. *Hayes*, 205 Mass. 356, 363. The plaintiff is not seeking to establish a trust in any specific property in the hands of the defendant. See *Lowe* v. *Jones*, *supra*. *Hewitt* v. *Hayes*,

*supra; Stadmiller* v. *Schirmer,* 248 Mass. 244, 248. No previous demand for the money was necessary as the foundation for an action; on the count for money had and received the writ was a sufficient demand. See *Dill* v. *Wareham,* 7 Met. 438, 448.

Inasmuch as the motion for a directed verdict on the first count was based upon the pleadings and the evidence, it should have been granted, because the evidence would not justify a finding that the money was received by the executor. But the issue, whether the money was received by the testator, was fully tried, and, for this reason, if within thirty days after rescript the Superior Court shall permit the plaintiff to amend count one by substituting for the word "defendant" the words "the deceased Augustus Wheeler," then the defendant's exceptions are to be overruled; otherwise they are to be sustained. Plaintiff's exceptions overruled.

*So ordered.*