Jones, P. J.
This is an action of contract brought by the administrator of the estate of Jerome J. Donovan, Sr., against Jerome J. Donovan, Jr., who was the son of the plaintiff’s intestate.
•The plaintiff’s declaration, count 1, alleges the conversion of a check in the sum of one hundred and thirty-eight (dollars; and, in contract in count 2, alleges that after1 the date of death of plaintiff’s' intestate, the defendant signed for and procured from the office of the Lawrence General Hospital, a certain check payable to the plaintiff’s intestate in the sum of one hundred thirty-eight dollars, cashed the proceeds thereof, and refused to pay the same to plaintiff, the administrator of said estate.
Defendant’s answer is a general denial, payment, and that plaintiff’s intestate executed and delivered to him the check declared for the payment of bills due from said intestate ; that pursuant to said purpose the defendant used all of said money for the payment of bills of plaintiff’s in *355 testate, and that the defendant had paid in all, of said bills, the sum of fourteen hundred dollars; and that because of said facts the defendant is entitled in equity to be unconditionally relieved against the plaintiff’s said claim. Without being ordered to make any election, the case was tried under the said count in contract.
It appeared by the evidence that plaintiff’s intestate died May 10, 1935; that five days before his death he had received the check in question, payable to his order; that he endorsed the check, gave the same to the defendant with the request that the defendant pay his, (Donovan Senior’s) bills with it; that the defendant then gave it to a nurse for safekeeping, who put it in the hospital safe with other property belonging to Donovan, Sr., where it remained until after the latter’s death.
On the day of the death of Donovan, Sr., the defendant took the check from said safe, receipted for, endorsed, and cashed it at the Arlington Trust Company, a banking corporation, and paid certain bills of the estate of his father.
It further appeared that said intestate before his death told defendant that he (the father) had made him (the son and defendant) the beneficiary of two insurance policies, each for one thousand dollars, and asked the son, in the event of the father’s death, to pay his, the father’s debts.
The defendant did receive the proceeds of the insurance policies and did pay the debts of the estate, amounting to twelve hundred dollars. The plaintiff duly demanded payment of the sum of one hundred and thirty-eight dollars, with interest from that date.
The trial judge found that “the weight of the evidence was to the effect that Donovan, Sr., now deceased, during his lifetime, gave to the defendant the check in question, in trust for the payment of current and future debts of *356 the deceased.” No questions are raised regarding the pleadings and all the evidence is reported.
We see no reason why, upon the facts stated, the trial judge was not justified in making the finding in question.
No requests for rulings of law were made by either party and no brief is filed for defendant. Notwithstanding the fact that no requests for rulings were made by plaintiff, we have considered the case on its merits.
The report states and the court finds that the plaintiff’s intestate “gave” the check to the defendant in question with the request that the latter pay the intestate’s bills with it. It is to be noted that the word “gave” is used to describe the act and there were no words used attending the gift which implied that title to the money was not to pass completely and fully to the defendant. The only qualification of the gift was a request that the proceeds of the check be used to pay the donor’s debts. That is, the gift was free and unqualified, accompanied by a request that the money be used to pay the intestate’s bills.
The leading case in Massachusetts is the case of Grover, Admr. vs. Grover, 24 Pick. 261, and, in this case, the rule is stated thus, — “by delivery and acceptance the title passes, the gift becomes perfect, and is irrevocable.” The trial court could well find that the check was given defendant as a “gift.” Simmons vs. Barns, 263 Mass. 472, 473. Bone vs. Holmes, 195 Mass. 495. The gift was not accompanied by any words that change the act from a gift. It was a gift outright that took effect at once when the check was delivered. McGrath vs. Reynolds, 116 Mass. 566. We see no error in the finding of the trial judge.
Further, it may be said that the plaintiff has no standing whatever in this appeal. Rule XXVTI of the Rules of the District Courts, 1932 Ed., provides,—
*357 “Bequests for rulings on any matter of law * * * shall be in writing and presented to the court before the closing arguments, unless special leave is given to present such at a later date.”
In the absence of such a request, as in this case, the plaintiff has no standing in this court. Kennedy vs. Currier, 1936 Adv. Shts. 553, 557. For reasons stated above, the case is dismissed.