## F. & W. M. FABER & Co. v. FINCH & CROCKER.

1. CONSTRUCTION OF CONTRACT. The defendants on the 28th of November, 1858, wrote a letter to the plaintiffs stating that one P. had placed in their hands his entire property, consisting chiefly of lands, for the purpose of paying his debts; and expressed themselves prepared, and proposed, to secure the amount of certain claims which plaintiffs had against P. with interest at the rate of ten per cent, if they would extend the time of payment twelve months; and referred to business men, as to their ability to secure the claims in the manner proposed. On the 26th of December, in the same year, they wrote to plaintiffs stating, that if the notes and accounts against P. were sent to them, they would immediately have them amply secured, and that they would be promptly paid, as they had under their control a sufficient amount of available property, belonging to P. to realize by the time they become due. On the 4th of February, 1857, they wrote to plaintiffs a third letter, acknowledging the receipt of the claims, and assuring them that they might expect the money about the 1st of December, 1857. *Held*, that the defendants were liable only as trustees holding the property of P. for the benefit of creditors; and that they were not liable individually to plaintiffs for the amount of their claim.

*Appeal from Polk District Court.*

FRIDAY, JUNE 14.

THE facts are stated in the opinion of the court.

*M. M. Crocker* for the appellants.

*C. C. Cole* for the appellee.

LOWE, C. J.—The defendants are sued upon an alleged promise, or undertaking to pay a debt, due from one John Parker to the plaintiffs, consisting of an account and two notes, amounting in the aggregate to $1349.50, in the spring of 1856, when they matured. The liability of the defendants is sought to be made out upon four letters written by them to the plaintiffs, in the years 1856 and 1857; which are filed as exhibits, and made a part of the petition The question whether, in law these letters fixed a liability

upon the defendants to pay the debts of Parker, was raised by demurrer, and settled against the plaintiffs, from which they have appealed.

The first letter bears date November 28th, 1856, and in substance informs the plaintiffs that Mr. Parker had placed in their hands, his entire property, consisting chiefly in lands, for the purpose of paying his debts. As the lands could not then be converted into money without sacrifice, they proposed, and expressed themselves prepared to secure the claim with ten per cent interest, if they, the plaintiffs, would extend the time of payment twelve months, referring, in conclusion, to certain business men and bankers as to their ability to *secure* the debt in the manner proposed.

The second letter bears date December. 26th, 1856, and purports to be an answer to one received, and states that if the plaintiffs should be pleased to send the notes and account against Parker, to them, that they would immediately have the same amply secured in accordance with the proposition made by Mr. Parker through them, remarking that the amount should be amply secured and promptly paid, as they had a sufficient amount of property belonging to Mr. Parker under their control, that could be made available by the time the claim became due.

The third letter of the 4th of February, 1857, simply acknowledges the receipt of the claim, and assures the plaintiffs that they may expect the money about the 1st of December, 1857.

These letters were signed, " Finch & Crocker," being the partnership name of the firm; and the foregoing is a fair and just statement of their contents. They disclose quite clearly the relation in which the defendants stood to the debtor, Mr. Parker; not certainly in the character of purchasers whereby they had become the owners of Mr. Parker's property, in consideration of which they had assumed to pay and had become personally responsible for his debts. There is nothing in the language of these letters which gives the

slightest color to any such supposition; but they do show that Parker's property was placed in their possession and under their control, for a purpose expressly specified; which was, to pay his debts. In accepting the property for this object, they became the trustees of both parties, and accordingly informed the plaintiffs of these facts, and proposed that if they would extend the time of payment for twelve months, they would secure the debt. This promise, to secure the debt, was made in the capacity of trustees, as the second letter manifestly indicates; for they say, if it should be their pleasure to send out the claim, they would immediately have it secured "*in accordance with the proposition made by Mr. Parker*, through them;" and they add that it should be promptly paid, for the reason that they had a sufficient amount of property *belonging to Mr. Parker*, under their control, that could be made available by the time the claim became due. It would be most difficult to reconcile such language with the idea that the defendants, intended to render themselves individually and personally responsible for Parker's debts. If it was understood by the plaintiffs that they had done so, it is not very probable that they, the plaintiffs, would have sent out their claims to the defendants and thereby have surrendered the evidences of the same to the parties who were personally liable for their payment. Regarding them, however, as trustees or agents, and not promisors or debtors, such a course would be natural and proper.

But it is insisted that in December, 1857, a fourth letter was written by M. M. Crocker, who had been of the firm of Finch and Crocker, which it is claimed contains an admission of the defendant's liability in the following words, to-wit: "*I have not forgotten that you will look to us for the payment of your claim.*"

It is not pretended that this fourth letter contains in itself any written assumption or promise to pay Parker's debts, but that the foregoing remark is an admission that such a

promise or undertaking had been made in one of the previous letters. But we have seen that neither as a matter of fact or law, do those letters raise any such liability. They contain no promise, expressed or implied, that the writers would be responsible in their individual capacity for the plaintiff's claim; nor do those letters show any consideration for such a promise. The truth is, the admission or remark alluded to is vague and uncertain, and it is difficult to determine whether the writer had some sort of impression that they had laid themselves liable in some of the letters previously written, or alluded to their liability as trustees only. However this may be, it is clear that the plaintiffs do not seek to make the defendants liable upon this admission or anything contained in this fourth letter, written, as it was, by only one of the defendants; for it contains no such agreement or promise as is set out in the first count of the petition, which, making these four letters a part of the same, alleges that they contain a promise in writing whereby the defendants agreed to satisfy the plaintiff's claim against Parker, in consideration of certain real estate, and other property conveyed by the said Parker to them. Having in this way made these letters the foundation of their right of recovery, it becomes a question of law whether the matters and things disclosed upon the face of these letters do fix a personal liability upon the defendants to pay the debts of Parker. Upon this point we have arrived at the same conclusion which the court below did, and believe that the demurrer was properly sustained.

Affirmed.