JOSEPH R. JOHNSON *vs.* EMMA J. JOHNSON, executrix.

Bristol. Oct. 28, 1875. — Sept. 20, 1876.  MORTON & LORD, JJ., absent.

The amount found due to a *cestui que trust* for income from the trust fund, by the
final account of the trustee duly filed and allowed, is recoverable in an action at
law by the *cestui que trust* against the trustee.

CONTRACT. The declaration contained five counts, and an
amended count was subsequently filed. The defendant de-
murred. The case was reserved by *Gray*, C. J., on the declara-
tion and demurrer, for the consideration of the full court, and
appears in the opinion.

*T. M. Stetson*, for the defendant.

*H. M. Knowlton*, for the plaintiff.

ENDICOTT, J. The facts of this case, as stated in the declara-
tion and admitted by the demurrer, are as follows : The defend-
ant's testator and Richard C. Johnson were trustees, under the
will of Richard Johnson, to pay over to the plaintiff in quar-
terly payments during his natural life one fourth part of the
income of the estate of Richard Johnson. The trustees entered
upon the execution of the trust, and upon the death of Richard
C. Johnson the defendant's testator continued as surviving trus-
tee, until his own death in 1870. During the whole time, the
defendant's testator managed the trust estate and collected the
rents, profits and income, but wholly failed to pay over to the
plaintiff his share of the income, and upon his death the defend-
ant was appointed executrix of his will.

As the plaintiff does not rely upon the first, second and fifth
counts, the only questions to be considered arise on the third
and fourth counts and the amended count. The count, added to
the plaintiff's declaration by amendment, must be considered as
a substitution for the third count, and alleges that the defendant
owes the plaintiff $1244.66 and interest thereon for money had
and received by the defendant's testator for the use of the plain-
tiff, the same being the balance found and appearing to be due
by the final account of the trustees under the will of Richard
Johnson, rendered by the defendant as executrix of her testator
and allowed in the Probate Court.

All these facts are admitted by the demurrer, and we assume that the principal fund which, by the will of Richard Johnson, was put into the hands of trustees, is not included in this account as due to the plaintiff, but only the income thereof. It is also to be assumed that all proper charges for disbursements and services have been allowed in the accounts thus rendered. We are of opinion that this action can be maintained on the amended count.

It is well settled that a *cestui que trust* cannot bring an action at law against a trustee to recover for money had and received while the trust is still open; but when the trust has been closed and settled, the amount due the *cestui que trust* established and made certain, and nothing remains to be done but to pay over money, such an action may be maintained.

In *Roper* v. *Holland*, 3 A. & E. 99, the defendant held land in trust to pay £50 annually to the plaintiff's wife, and to pay the residue, after deducting repairs, taxes and other necessary expenses, to the plaintiff. The defendant notified the plaintiff that he would pay him £10, on his giving a receipt for £27. The receipt was not given, but the plaintiff brought his action for the £10, and it was held that he could recover, on the ground that the defendant had admitted that he had £10 in his hands, and could not set up in defence that he was trustee. The same principle was recognized in *Case* v. *Roberts*, Holt N. P. 500, and in *Edwards* v. *Bates*, 7 Man. & Gr. 590. It was held in the last case that as something remained to be done under the trust, and the specific sum due the plaintiff not having been ascertained, the action for money had and received could not be maintained. See *Dias* v. *Brunell*, 24 Wend. 9; *Allen* v. *Impett*, 8 Taunt. 263.

In *Arms* v. *Ashley*, 4 Pick. 71, the holder of a note, having recovered judgment of the promisor, and levied on the rents and profits of his land for a term of years, made an agreement with the plaintiff in writing that he would pay him all the rents and profits which he should receive after the debt was paid, or allow him the use of the land after such payment; and it was held that this was a sufficient declaration of trust, and that, the debt having been paid in the lifetime of the trustee, rents, received by his heir under color of descent, might be recovered by the plaintiff in an action for money had and received.

In *Buttrick* v. *King*, 7 Met. 20, the testator gave to his wife, who was appointed executrix, the use and improvement of all his property during her life, and on her death the property to be divided among his children. Under a power in the will, she disposed of certain lands and took notes for the price. After her decease, these notes were paid to King, her administrator, and Buttrick, the administrator *de bonis non* with the will annexed of the husband, was allowed to recover the money so paid to King in an action for money had and received. The money was held by the widow in trust, and Buttrick was successor in that trust, and entitled to administer it under the will; and it is said in the opinion: " If it consisted in stocks or specific property other than money, a bill in equity might be necessary to enable the administrator to recover it. But when it remains wholly in money, in the hands of the defendant as administrator of the widow, an action for money had and received — which is in the nature of a bill in equity — when nothing remains to be done but the payment of money, may be maintained."

In *Rogers* v. *Daniell*, 8 Allen, 343, a testator directed the trustees of a certain fund to pay over to each of his children a certain sum, after deducting from each child's share any legal debts due the estate from such child. The trustees contended that certain notes, signed by the plaintiff with her husband, and payable to the testator, were legal debts and should be deducted from her share; and that, as the trust was not executed and no final account settled, an action for money had and received could not be maintained. But the court held that the notes were not legal debts of the plaintiff, and that she could maintain the action. See *Lovering* v. *Minot*, 9 Cush. 151; *Gould* v. *Emerson*, 99 Mass. 154, 157; *Baker* v. *Biddle*, Baldw. 394, 422.

The fourth count is to recover income received by the executrix after the death of her testator. It is not altogether clear whether the sum alleged to be due in this count is not included in the sum named in the amended count. If it is not, the fact may be tried whether the sum named in the fourth count is due as alleged, and if the plaintiff brings himself by his evidence within the rule here laid down as necessary to enable a party to maintain an action against a trustee for money had and received,

he may recover.   We cannot say that the count is bad on a demurrer which admits the sum alleged to be due.

> *Demurrer overruled as to the amended count and fourth count.*