William T. Norton *vs.* Ann S. Ray, executrix.

Bristol.   Oct. 28, 1884. — May 8, 1885.   C. Allen & Colburn, JJ., absent.

B. bought with the money of A. a parcel of land, and took a deed of it in his own name. He then made a declaration of trust, setting forth that he held it for A.'s benefit; and afterwards conveyed it, without A.'s knowledge, to A.'s wife. *Held,* that A. could not maintain an action at law against B. for a breach of the trust, but that his remedy was in equity.

Contract, against the executrix of the will of Isaiah C. Ray, for money had and received. Writ dated May 12, 1883. The declaration also contained a count in tort, as follows: " The plaintiff says the defendant's testator, in his lifetime, made a declaration of trust, a copy whereof is hereto annexed, whereby he undertook and agreed to hold the property therein described for the benefit of the plaintiff, and to deed the same to him, his

heirs and assigns, or to dispose of the same when and for his best advantage. And the said testator fraudulently, secretly, and without the knowledge or consent of the said plaintiff, conveyed the said property, by a good and sufficient deed, to one Mary A. Norton, the wife of the said plaintiff, and thus deprived the plaintiff of the use, enjoyment, or advantage of the same."

The copy annexed, signed by the defendant's testator, and dated January 2, 1866, was as follows: " Be it known that on the third day of July a deed of sale was made from the estate of Rodolphus Norton — on the twenty-seventh day of December, 1865, the same was acknowledged in my favor — of a certain lot of land, situated in the town of Edgartown in the county of Dukes, Commonwealth of Massachusetts, for the sum of five hundred dollars — and be it known that I now hold the same in and for the benefit of Wm. T. Norton in trust, and am ready at any and all times to deed the same to him, his heirs and assigns, or to dispose of the same, when and for his best advantage, he paying all expenses and charges for the same."

Trial in the Superior Court, without a jury, before *Knowlton,* J., who allowed a bill of exceptions, in substance as follows:

It appeared that, on December 27, 1865, Isaiah C. Ray, the defendant's testator, bought at the plaintiff's request, with the plaintiff's funds and for his benefit, a dwelling-house and lot in Edgartown, and received a deed of it, running to himself and his heirs, without disclosing any trust. On January 2, 1866, Ray executed and delivered to the plaintiff the paper, a copy of which is annexed to the declaration.

On November 1, 1869, Ray executed a deed of this lot to the plaintiff's wife " during her natural life, if she remains unmarried." Ray sent this deed to the plaintiff's wife at Edgartown. She took the deed, got it recorded, and paid for recording it.

The plaintiff had no knowledge or information of the making of said deed until a short time before the commencement of this action, and did not authorize it in any way. At the time it was made, his wife lived apart from him, and has done so ever since. There was no evidence how or by whom the property was occupied or managed prior to that, but the plaintiff's wife has continuously resided upon it since. At one time, it did not appear

when, Ray offered the plaintiff's landlady a sum of money, if she would get and bring to him the declaration of trust, without the plaintiff's knowing it.

The plaintiff claimed to recover, as damages, the value, at the date of the writ, of the estate conveyed by the deed to his wife. The judge found this to be $278.85, and found for the defendant; and at the plaintiff's request, and with the defendant's consent, reported the case to this court for its opinion upon the questions of law involved.

If, as matter of law, upon the foregoing facts, the plaintiff was entitled to recover, judgment was to be entered in his favor for $278.85, and interest thereon from the date of the writ, or such other order to be made as law and justice might require; otherwise, judgment for the defendant.

*H. M. Knowlton*, for the plaintiff.

*F. A. Milliken*, for the defendant.

W. ALLEN, J. The plaintiff's only remedy is in equity. The case discloses a trust, and cannot be brought within the decisions in which it has been held that an action for money had and received will lie against a trustee by a *cestui que trust* to recover a liquidated sum due to him under the trust. *Johnson* v. *Johnson*, 120 Mass. 465, and cases cited. *Davis* v. *Coburn*, 128 Mass. 377. *Judgment for the defendant.*