## LEONARD S. UPHAM *vs.* JOHN W. DRAPER.

Worcester.   October 3, 1892. — October 21, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Trust — Action — Evidence — Practice.*

A *cestui que trust* cannot maintain an action for money had and received against the trustee under a testamentary trust, although a balance appears by his accounts to be due, if the trust is still open, and there has not been a final settlement of his accounts in the Probate Court.

In an action by a *cestui que trust* against his trustee for money had and received, the trustee's last account, which is not a final one, and has not been allowed by the Probate Court, and which, although assented to in the first instance by the *cestui que trust*, is afterwards contested by him, together with the annexed schedules, and an account between the parties showing a balance due the trustee, are admissible in evidence.

A point not taken at the trial in the Superior Court on the merits is not open on a bill of exceptions.

CONTRACT, against the trustee under the will of George W. Upham, for money had and received. Trial in the Superior Court, before *Maynard*, J., who, at the defendant's request, ruled that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions. The material facts appear in the opinion.

*T. G. Kent,* ( *W. H. Kelley* with him,) for the plaintiff.

*C. M. Rice,* ( *H. W. King* with him,) for the defendant.

MORTON, J.   It is well settled that a *cestui que trust* cannot maintain an action for money had and received against his trustee under a testamentary trust while the trust is still open.   But when the accounts have been closed, and nothing remains to be done on the part of the trustee but to pay over the money found due, then an action at law to recover such money may be maintained by the *cestui que trust.   Johnson* v. *Johnson,* 120 Mass. 465.   *Davis* v. *Coburn,* 128 Mass. 377.   *Murray* v. *Wood,* 144 Mass. 195.   *Thorndike* v. *Hinckley,* 155 Mass. 263.

The difficulty with the plaintiff's case is, that, though according to the accounts as they now stand there may appear to be a balance due to the plaintiff from the defendant, the trust under which the money originally came into the hands of the defend-

ant is still open, and there never has been any final settlement of his accounts in the Probate Court. The account, dated June 2, 1886, though assented to at the time by all the parties interested, including the plaintiff, who was then of age, has not been allowed by the Probate Court, and the plaintiff is now contesting it. It does not appear, therefore, what the amount due the plaintiff is or will be. It is possible that the compromise of June 2, 1886, may be set aside by the Probate Court, and the trustee compelled to account for the whole amount claimed by the plaintiff, and allowed in that court for his services, notwithstanding the stipulation regarding them in the account. The case of *Sewall* v. *Patch*, 132 Mass. 326, 329, was put expressly on the ground that there were no unsettled accounts between the trustee and the trust estate, and that nothing remained to be done except the payment of the money.

The plaintiff insists that the account of June 2, 1886, conclusively fixed the amount due from the defendant to him, and that nothing remained for the defendant to do but to pay that amount over. To this there are several answers. The account did not purport to be a final account. It is called a second account. Again, under clause ten of the will, the defendant could hold the fund till he deemed it safe and prudent to pay it to the plaintiff, not exceeding five years from his majority. There is nothing to show that this power was waived by the defendant, and this would bar an action till the expiration of five years. Further, the compromise agreement of June 2, 1886, expressly provides that the defendant " may file and have allowed in the Probate Court a trustee's account under said will, in which he shall be charged only for the sum of twenty-four hundred sixty-one $\frac{47}{100}$ dollars, to be held in trust for the use and benefit of Leonard Spring Upham [the plaintiff], under the fifth and tenth clauses of said will." The account dated June 2, 1886, is evidently the one referred to in this agreement, and the plain inference from the agreement is that the defendant is to continue to hold the sum named as trustee under the will. If the compromise agreement is to be set aside as between the plaintiff and defendant, then clearly the relation between them would be that of *cestui que trust* and trustee under the will, with an unsettled account also in that event between them.

On every ground, therefore, the plaintiff's contention must fail. It should be added that the argument of the plaintiff seems to be based on the assumption that the account of June 2, 1886, was allowed by the Probate Court. The exceptions state the contrary.

The account dated June 2, 1886, with the annexed schedules, and the account between the defendant and the plaintiff, showing a balance due the former, were rightly admitted; the former account as containing admissions on the part of the plaintiff that the defendant was a continuing trustee under the will, and the latter as showing that, if the plaintiff was entitled to maintain his action, nothing was in fact due him. If he was not entitled to maintain his action, the admission of it could do him no harm.

The point that the answer of the defendant did not set out that he had a right to continue to hold the funds as trustee of the plaintiff, and that he was only liable to account in the Probate Court, does not appear to have been taken in the Superior Court, and cannot be taken here for the first time. The case appears to have been tried upon its merits.

*Exceptions overruled.*