ELLEN A. TAFT *vs.* ABNER M. STOW, executor.

Suffolk.　December 5, 1898. — July 11, 1899.

Present: FIELD, C. J., HOLMES, MORTON, BARKER, & HAMMOND, JJ.

*Trust — Account — Equity — Cause of Action — Statute — Decree — Execution.*

If B. receives of A. a sum of money in trust to be invested and held by B. for A. until the latter becomes of full age, or, at the election of B., until B.'s death, and, pursuant to the trust, the money is deposited in a savings bank with A.'s knowledge and assent, and subsequently it is drawn out by B. without A.'s knowledge and mingled by B. with his own estate, and not kept invested for A. as the terms of the trust require, A. may maintain a bill in equity, after B.'s death, against the executor of B.'s will for an account.

The cause set out in the declaration in the case of *Taft* v. *Stow*, 167 Mass. 363, is the same as that set out in the bill in this case, though stated somewhat differently; that action was defeated by a defect in form; and the provisions of Pub. Sts. c. 136, § 12, apply.

If the plaintiff prevails in a suit in equity against an executor for an account of a trust fund alleged to have been held by the testator and payable at his death, the decree should provide that the plaintiff recover of the defendant as executor the principal sum found due, that execution issue as at common law for such sum against the goods and estate of the deceased in the hands of the executor, and that another execution for costs issue against the executor personally.

BILL IN EQUITY, filed in the Superior Court, alleging that, on or about March 31, 1875, the plaintiff paid over to one Lucinda E. Phillips the sum of $1,000 in bank bills, the same, with accumulating interest thereon, to be held in trust by her, for the benefit of the plaintiff, during the lifetime of Lucinda E. Phillips, and she so received the same, and agreed to hold such sum with its accumulations in trust as above set forth; that on January 27, 1894, Lucinda E. Phillips died, leaving a will and a large estate, which will was duly proved and allowed; that the defendant was duly appointed executor under the will; that the testator had never paid over to the plaintiff the trust fund, or any part thereof; that the trust was terminated by the death of the testatrix, and the trust fund had passed, together with the assets of the estate, into the hands of the defendant; that demand had been made upon the defendant by the plaintiff for the payment to her of the trust fund, with the accumulated

interest thereon; and that the defendant refused to pay the same over to the plaintiff.

The prayer of the bill was that the defendant be ordered to pay over to the plaintiff the trust fund and the accumulated interest thereon; and for further relief.

The defendant demurred to the bill, assigning, among other grounds of demurrer, want of equity, and an adequate remedy at law. The demurrer was overruled, and at the hearing on the merits, *Mason*, C. J., entered a decree that the defendant pay over to the plaintiff the trust fund of $1,000, together with its accumulations, amounting to $2,600.79, with costs; and that execution issue for the costs.

The defendant appealed to this court; and at his request the judge reported the following facts found by him:

On or about March 31, 1875, Lucinda E. Phillips made a valid gift of $1,000 to the plaintiff, and gave her possession thereof.

On the same day the $1,000, being then the property of the plaintiff, was delivered to Lucinda E. Phillips, to be by her invested and held in trust for the plaintiff until the latter should be of full age, or, at the election of Phillips, until the death of the latter.

The trust fund was on the same day, with the knowledge and assent of the plaintiff, deposited in the Provident Institution for Savings in the name of Phillips, as trustee for the plaintiff, and the trust fund subsequently gained $453.13 income from the deposit.

On May 2, 1877, Phillips withdrew from the deposit of the trust fund $190.29, and on August 23, 1882, withdrew the further sum of $524, and on August 2, 1888, withdrew the further sum of $738.84, thereby closing the account with the Provident Institution for Savings; and she commingled with her own estate the several portions of the trust fund so withdrawn, and from the time of such withdrawal did not keep the same, or any part thereof, invested separately in trust for the plaintiff, but such withdrawals and such commingling with the trustee's own estate were unknown to the plaintiff until after the death of Lucinda E. Phillips.

Phillips died on January 27, 1894. The defendant was ap-

pointed and qualified as executor of her will on February 23, 1894, and was not informed of any claim by the plaintiff that a trust had been held for her benefit by Phillips for nearly two years after his appointment as executor.

On January 25, 1896, the plaintiff brought an action at law against the defendant as executor of the will of Phillips to recover the trust fund and its accumulations. The pleadings in that action are made part of this finding. That action was brought in the Superior Court, carried upon demurrer to the Supreme Judicial Court, the decision in that court being reported in 167 Mass. 363, and thereafter was determined by judgment for the defendant in the Superior Court on February 1, 1897.

At and before the termination of the action at law the plaintiff was in ill health, and not reasonably able to attend to business, and such condition continued until shortly before the bringing of this bill; and as soon as reasonably practicable after she had so far recovered as to be able to attend to business, she instituted this suit, and was guilty of no laches in bringing or prosecuting the same.

On accounting to February 23, 1898, there has accrued as simple interest at six per cent upon the portions of the trust fund commingled with the estate of Phillips from the several dates of such commingling the sum of $1,147.66, and the total amount of the trust fund, its accumulations of income and interest, which the plaintiff is now entitled to recover, is $2,600.79.

*S. H. Dudley,* (*H. Dudley* with him,) for the defendant.

*R. W. Nason,* for the plaintiff.

MORTON, J. Upon the facts found we think that the plaintiff's remedy is clearly in equity. The case is not one where all that remained to be done was the payment of an ascertained sum with interest, as, for instance, in *Buttrick* v. *King,* 7 Met. 20. It is found that the testatrix received the money in trust to be invested and held by her for the plaintiff until the plaintiff became of full age, or, at the election of the trustee, until the latter's death. Pursuant to the trust the money was deposited by the trustee in the Provident Institution for Savings with the knowledge and assent of the plaintiff. Subsequently it was

drawn out by the trustee without the knowledge of the plaintiff, and mingled by the trustee with her own estate, and not kept invested for the plaintiff as the terms of the trust required. An account would have to be taken, therefore, in order to determine the amount for which the estate of the testatrix should be held liable, and it is well settled that in matters relating to trusts that can be done only in equity. *Johnson* v. *Johnson*, 120 Mass. 465. *Davis* v. *Coburn*, 128 Mass. 377. *Norton* v. *Ray*, 139 Mass. 230. *Upham* v. *Draper*, 157 Mass. 292. Perry, Trusts, (4th ed.) § 843.

The bill as framed is very meagre, and with advantage might have set out the facts more fully. But sufficient appears from it to show that there was a trust; that the fund impressed with the trust passed to the defendant as executor; and that the trust is still open. An action for money had and received could not be maintained by the plaintiff, and the plaintiff would not have a plain and adequate remedy at law. *Norton* v. *Ray*, *Davis* v. *Coburn*, *Johnson* v. *Johnson*, and *Upham* v. *Draper*, *ubi*. *supra;* Perry, Trusts, (4th ed.) § 843. The demurrer was rightly overruled.

The cause set out in the declaration in the action at law is the same, we think, as that set out in the bill in this suit, though stated somewhat differently. In each case the plaintiff seeks to recover the sum of $1,000 with its accumulations, alleged to have been held in trust for her by the testatrix during the life of the latter, and there is no claim that more than $1,000 with its accumulations was ever so held by her.

We also think that the action at law was defeated by a defect in form, (*Taft* v. *Stow*, 167 Mass. 363,) and that the provisions of Pub. Sts. c. 136, § 12, apply. The original of that section was St. 1855, c. 157, § 1, subsequently re-enacted in Gen. Sts. c. 97, § 7, and again in the Public Statutes with some change in each case by way of condensation of the previous statute, but without any intention, we think, to change the scope of the law as it originally stood. It is plain that this case would have come within the terms of that statute, and we think that the present statute should be construed so as to include it. Moreover, this construction would put this section in harmony with Pub. Sts. c. 197, § 13, as St. 1855, c. 157, § 1, was no doubt

intended to be, and as there is no reason why Pub. Sts. c. 136, § 12, should not be.

The result is that we think that the conclusion to which the Superior Court came was correct, but that the terms of the decree should be modified so that the plaintiff should recover of the defendant, as he is the executor of the will of Lucinda E. Phillips, the principal sum which is found due, and that execution should issue as at common law for the sum so found due against the goods and estate of said Lucinda E. Phillips, deceased, in the hands of said Stow as executor, and that another execution for costs, to be taxed by the clerk, issue against said Stow personally. *Tyler* v. *Brigham,* 143 Mass. 410.

*So ordered.*