Decided 9 July, 1900.

## NODINE *v.* WRIGHT.

[61 Pac. 784.]

UNSETTLED TRUST—ACTION FOR DAMAGES.

While a trust is unsettled, and until there has been an accounting by the trustees, a law action cannot be maintained either for damages or for money had and received.

From Union :  ROBERT EAKIN, Judge.

Action by Fred. Nodine and wife against W. T. Wright and others to recover damages for an abuse of a trust in favor of creditors.   From a judgment in favor of defendants, plaintiffs appeal.    ·    AFFIRMED.

For appellants there was a brief over the names of *Leroy Lomax* and *Smith & Heilner*.

For respondents Wright, Townley, and First National Bank there was a brief over the name of *Thos. H. Crawford*.

For respondents Ainsworth Bank and J. P. Marshall there was a brief over the name of *Chamberlain, Thomas & Kraemer*.

Mr. Chief Justice Bean delivered the opinion.

This is an action at law against W. T. Wright, F. A. E. Starr, W. J. Townley, F. L. Richmond, J. P. Marshall, the Ainsworth National Bank of Portland, and the First National Bank of Union, to recover $150,000 damages. The complaint, in substance, is that in April, 1894, plaintiffs were the owners and in possession of a large amount of real and personal property in Union County, of the alleged aggregate value of $166,100, and were in debt to divers and sundry persons, including the defendants First National Bank and Townley, in the sum of about $40,000; that they were being harassed and annoyed by various creditors, including defendants, and feared that if their property was sold on execution they would suffer great loss ; that by reason of certain false and fraudulent representations they were induced to and did convey by deed and bill of sale all of their real and personal property to the defendants Richmond and Wright, in trust, however, and upon the terms and conditions that they would dispose of the same as soon as they might consider it for the best interest of the plaintiffs, at a price not less than $27.50 per acre for the real estate, and out of the proceeds pay the plaintiffs' debts, taxes, interest and such costs as might accrue upon or by reason of such indebtedness, and return to the plaintiffs four-fifths of the surplus, the defendant Starr to have one-fifth thereof as compensation for his services in advising and counseling the trustees ; that, immediately upon securing possession of such property, Richmond and Wright, in violation of their trust, and with intent to cheat, wrong and defraud the plaintiffs, sold the property to their friends and business associates for much less than its market value, and much less than they could have obtained by the exercise of ordinary diligence and common honesty; that all the property has

been thus disposed of, and only about $10,000 of plaintiffs' debts have been paid; that these sales were made for and inured to the mutual benefit of defendants, and to the great injury and damage of plaintiffs in the sum of $150,000.

It appears from the complaint that it will require an accounting before the liability of the trustees, if any, can possibly be ascertained. The trust has never been closed, but remains open, and, under such circumstances, it is manifest the plaintiffs' remedy is in equity, and not at law. A *cestui que* trust cannot maintain an action at law against a trustee while the trust is still open. The execution and enforcement of trusts, the adjustment of disputed rights thereunder, and the settlement of accounts between the *cestui que* trust and the trustee, are questions which naturally fall within the primary and exclusive jurisdiction of the equity courts. Mr. Perry, in speaking of the remedies of the *cestui que* trust, says: "Unless some legal debt has been created between the parties, or some engagement the nonperformance of which may be the subject of damages at law, a court of equity is the only tribunal to which he can have recourse for redress. An action at law for money had and received will not lie against a trustee while the trust is still open, but if a final account is settled, and a balance struck, an action may be maintained:" 2 Perry, Trusts (5 ed.), § 843. This rule has been announced and enforced in many cases, and, indeed, is elementary: *Jasper* v. *Hazen*, 1 N. D. 75 (44 N. W. 1018); *Johnson* v. *Johnson*, 120 Mass. 465; *Davis* v. *Coburn*, 128 Mass. 377; *Norton* v. *Ray*, 139 Mass. 230 (29 N. E. 662). The judgment of the court below is therefore affirmed.    AFFIRMED.