FANNIE N. HERRICK *vs*. WALTER H. SNOW, Trustee.

Piscataquis.    Opinion July 21, 1900.

*Trusts.  Equity.  Law.  Will.  Charge on Realty.*

A testator bequeathed his personal estate to a trustee in trust for the support of the testator's minor son, and bequeathed his real estate to the same trustee upon other trusts. The personal estate was exhausted in the payments of debts and charges and no part thereof came into the hands of the trustee.

*Held;* that the trustee cannot provide for the support of the child from the proceeds of the real estate.

The enforcement of trusts is, of necessity, within the jurisdiction of courts of equity, and an action at law will not lie against a trustee to recover a trust fund, or any portion thereof, so long as the trust remains open.

AGREED STATEMENT.

The case appears in the opinion.

*G. W. Howe*, for plaintiff.

*J. B. Peaks and E. C. Smith*, for defendants.

SITTING: WISWELL, C. J., EMERY, HASKELL, SAVAGE, FOG-
LER, JJ.

FOGLER, J. This is an action of assumpsit wherein the plaintiff
sues the defendant in his capacity as trustee of the estate of Charles
A. Snow, deceased, for the board of Charles H. Snow, minor son
of said deceased, from November 1893 to November 1895.

The case is submitted upon an agreed statement and a copy of
the last will and testament of said Charles A. Snow. It is admitted
for the purposes of the case that said Charles H. Snow is the only
child of said Charles A. Snow, deceased, and that the plaintiff
furnished the board sued for. It is not claimed that the defend-
ant, either individually or as trustee, requested or authorized such
board to be furnished, or expressly promised to pay therefor; but it
is contended by the plaintiff that the defendant, as trustee under
the will of the father, is obliged to provide for the support of the
son and that a promise to pay therefor is implied by law.

The testator by his will appointed two trustees. One declined
the trust and the defendant was appointed in his stead by the pro-
bate court by virtue of the provisions of R. S., ch. 68, § 5. The
other original trustee having died, the defendant is now the sole
surviving trustee.

By the fifth clause of the will the testator bequeathed his personal
estate to the trustees named therein, providing among other things,
" the income and balance of said personal property and so much of
the principal as may be necessary, is to be used for the proper care
and education of my said son, Charles Henry, and what may be
left from the proceeds of said personal property is to be paid by
said trustees to my said son when he shall arrive at the age of
twenty-one years ".

The entire personal property of the estate was used by the

administrator for the payment of debts and charges, and no portion thereof ever came to the hands and possession of the defendant or of his co-trustee. The trust, having thus failed, the defendant is under no obligation, so far as the personalty is concerned, to provide for the support of the testator's minor son.

The sixth clause of the will is as follows: "Sixth. I give and devise to I. W. Hanscom and Albert Murray my homestead farm on Pleasant River in Milo, including the wood lot separated from said homestead by land owned by Stephen Snow. To have and to hold to the said I. W. Hanscom and Albert Murray in trust, that the said Hanscom and Murray shall oversee the management and improvement of said farm, and yearly and every year, account and pay over to my sister, Clementine, the clear profits derived from said farm, after deducting the necessary expenses of carrying on the same. My sister Clementine and my niece, Ivy, are to have a home and support from said farm so long as they shall live. When my son, Charles H., arrives at the age of twenty-one years he is to have, if competent, the complete ownership in fee and control of said farm, subject to the life interest above named, of my said sister and niece. In the event of my said son's death before the age of twenty-one, said homestead farm is to be given in fee to my three sisters and niece, Ivy, in equal shares."

The testator's sister, Clementine, died May 5, 1895; his niece, Ivy, is living.

It is contended in behalf of the plaintiff that, inasmuch as the provision for the support of the minor son contained in the fifth clause of the will, has failed, the defendant, as trustee, is authorized and it is his duty to provide for the support of the minor son out of the real estate.

We do not think so. The real estate is devised upon a trust separate and distinct from that of the personalty. The duties and powers of the trustee, in relation to the real estate, are clearly and unambiguously stated by the testator. The support of his minor son is not included as one of the purposes of the trust. We cannot enlarge the powers and duties of the trustee to meet the unforeseen exigencies of the case.

Moreover, if the defendant held as trustee funds chargeable with the support of the testator's child, the plaintiff could not maintain this action at law. Her remedy, if any she has, is in equity. Enforcement of trusts is, of necessity, within the jurisdiction of courts of equity. An action at law is not maintainable between a trustee and a cestui que trust in matters arising out of the trust. *Sanford* v. *Lancaster,* 81 Maine, 434; *Johnson* v. *Johnson,* 120 Mass. 465; *Norton* v. *Ray,* 139 Mass. 230.

An action at law does not lie against a trustee to recover a trust fund, or any part thereof, so long as the trust remains open. *Davis* v. *Coburn,* 128 Mass. 377.

*Judgment for defendant.*