HIPPODROME AMUSEMENT COMPANY, APPELLEE, V. OAK C. REDICK, APPELLANT.

FILED DECEMBER 8, 1922. No. 22126.

1. **Chattel Mortgages: CONVERSION.** A bill of sale absolute upon its face, if given as security for a debt, will be regarded as a chattel mortgage; and if the grantee converts the property conveyed and refuses to account for it, the grantor may recover its fair market value, less the amount due the grantee.

2. ——: ——: DEMAND. In such case, if the grantee by clear and unequivocal act and word claims the property as his own and denies that the grantor has any interest in it and wholly refuses to confer further in regard to it, no demand on the part of said grantor is necessary as a matter precedent to the bringing of his suit, nor is he required to first tender the amount due on his debt.

3. ——: ——: EQUITY. One who gives a bill of sale to another to secure his debt upon the agreement that the latter shall sell the property described therein, pay himself, pay a third party, and return the surplus, must resort to equity for

his remedy if his grantee repudiates the agreement and treats the property as his own, particularly if, as in this case, the grantee thereby incurs an obligation to' a third party.

APPEAL from the district court, for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Brogan, Ellick & Raymond* and *E. W. Simeral,* for appellant.

*Macfarland & Macfarland* and *Gray & Brumbaugh,* contra.

Heard before MORRISSEY, C. J., LETTON, DAY and AL-DRICH, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

Plaintiff and appelle sued the defendant and appellant for $10,000 alleging that it had given the latter a bill of sale to personal property of the value of $8,415.47, upon the agreement that he would sell the same for not less than $3,500, pay himself about $300 of rent due from the plaintiff, pay a party by the name of Schlank $650 due him, and turn the balance over to the plaintiff; also, that defendant had denied that there was any such agreement, and had converted the property and refused to account for the same, to plaintiff's damage in the sum stated. Defendant admitted the giving of said bill of sale, but averred that it was absolute, as on its face appeared, and that it was executed and delivered to him, together with the property described, in payment of the plaintiff's indebtedness to him for rent. And he further pleaded that, about the time that the bill of sale was given, the said Schlank sued both him and the plaintiff, claiming a lien upon all of the property described, praying that defendant be enjoined from disposing of any part of the same, and demanding a judgment for $650, interest and costs. He denied all else in the petition. The plaintiff by reply denied defendant's answer, except as it admitted the averments of the petition. Trial was had to a jury over the objection of

the defendant, and resulted in a verdict for the plaintiff in more than the sum of $5,000.

There was abundant testimony from which the jury could find that the bill of sale was given subject to the agreement alleged in the petition. But the defendant contends that, according to plaintiff's petition, it was a conveyance in trust for the benefit of creditors, Schlank as well as the defendant, and that accordingly an action in conversion did not lie. He raised the point repeatedly below, and, being overruled by the district court, he assigns such ruling as error. He consistently urged in the lower court, as in this court, that the plaintiff's remedy, if any, was in equity, and not in law. This contention will be first considered.

The bill of sale in question is absolute in its terms, and was formally made and delivered. It purported to convey from the plaintiff to the defendant without any defeasance whatever. But the plaintiff seeks in his action to attach to it a trust agreement in parol, whereby defendant was to handle the property as a trustee, sell it, apply the proceeds to the claims of certain creditors, and return the balance to the grantor. May this be done elsewhere than in equity?

It is true that plaintiff declares in trover for conversion, not directly asking for any reformation, modification or extension of the written contract of conveyance. But the trouble is that reformation, modification or extension seems to be necessarily involved, and plaintiff's dependence upon his plea of conversion does not appear to be well placed.

*Herrick v. Humphrey Hardware Co.*, 73 Neb. 809, is a case in which Mrs. Herrick had title to the stock. She owned it, but the company refused to transfer it on its books and refused to issue her a certificate for it. The court held her title good, and that the company by refusing to so transfer and issue deprived her of the use of said stock and had thereby converted it.

In *State v. Omaha Nat. Bank*, 59 Neb. 488, the state

owned the money and had it on deposit in the bank. Bartley, the Chemical National Bank of New York, and the Omaha National Bank, got hold of it by means of a warrant issued without authority of law and manifestly invalid on its face. The state had title, the bank refused to account, and the court entertained an action in trover on account of the conversion.

*Marseilles Mfg. Co. v. Perry,* 62 Neb. 715, was an action in which Perry had title and recovered on it for conversion when the defendant took the property under chattel mortgage and held it too long, thus converting it.

The mere statement of the facts in connection with these cases distinguishes them from the case at bar and makes them out of point to sustain the plaintiff's contention. One Nebraska case alone of those depended upon by plaintiff, and cited in its brief, is in point on the facts. *Weber v. Towle,* 79 Neb. 233. But that case loses value as an authority applicable to this case because the question involved here was neither raised nor considered.

One who sues in trover for conversion must have title to the property involved, or a right of possession to it. *Holmes v. Bailey,* 16 Neb. 300; *Locke, Huleatt & Co. v. Shreck,* 54 Neb. 472; *Raymond Bros. & Co. v. Miller,* 50 Neb. 506; *Thompson & Sons Mfg. Co. v. Nicholls,* 52 Neb. 312; *Coulter v. Cummings,* 93 Neb. 646. Plaintiff had neither. It had, as it pleads in the petition, conveyed the property to the defendant in trust that the latter might use the proceeds upon sale to pay himself and Schlank, another creditor, and then return the surplus to it. The fact that the defendant failed and refused to perform his trust did not reinvest the plaintiff with title to the property. The legal title and right of possession still remained with defendant, and will so remain with him, until, by action in equity, the bill of sale is impressed with the conditions of the oral contract which plaintiff says accompanied it. Plaintiff retained an equitable right, if his pleading as to the oral agreement be true.

It had no more when the defendant declared the property his and refused to go further, and its remedy was purely equitable.

Regardless of whether the primary right to be redressed or enforced is equitable rather than legal, and we think that such is its nature for the reasons above set forth, it is certain that the remedy lies exclusively in equity. "Cases in which the remedy sought and obtained is one which equity courts alone are able to confer must, upon any consistent system of classification, belong to the *exclusive* jurisdiction of equity, even though the primary right, estate, or interest of the party is one which courts of law recognize, and for the violation of which they give some remedy." 1 Pomeroy, Equity Jurisprudence (4th. ed.) sec. 138.

Particularly is this manifest in the case at bar, since it appears that, by the acceptance of the bill of sale and by taking possession of the property, the defendant bound himself, if there was an oral agreement of the kind as pleaded by the plaintiff, to pay Schlank, and become liable to him. Action in conversion proceeds upon the assumption that there is presented in it no equitable ground for relief or for defense. *Alter v. Bank of Stockham,* 51 Neb. 797. But in this case the petition itself discloses equitable ground for the relief of the plaintiff in the necessity for reconstruction of the contract of conveyance, and equitable ground for the defense of the defendant in the obligation to pay Schlank imposed upon him. The verdict rendered includes the amount which the defendant was to pay Schlank, or to hold in escrow for him. If it stands and Schlank recovers from the defendant also, a double recovery will result. The remedy at law is not adequate. These conflicting rights can only be adjusted in equity. *Edwards v. Hatfield,* 93 Neb. 712; *Nodine v. Wright,* 37 Or. 411; *Schutz v. Burges,* 50 Tex. Civ. App. 249.

A portion of plaintiff's brief is devoted to the consideration of the bill of sale as a chattel mortgage. If

Hippodrome Amusement Co. v. Redick.

such it was, the remedy of the plaintiff was the more certainly on the equity side. After stating the rule that a conveyance absolute on its face may be adjudged a mortgage, Dr. Pomeroy declares this to be a function of equity, and says that the underlying doctrine is the fruitful source of many other equitable rules. "The presumption," he says, "of course, arises that the instrument is what it purports on its face to be, an absolute conveyance of the land; to overcome this presumption, and to establish its character as a mortgage, the cases all agree that the evidence must be clear, unequivocal, and convincing, for otherwise the natural presumption will prevail. Whenever a deed absolute on its face is thus treated as a mortgage, the parties are clothed with all the rights, are subject to all the liabilities, and are entitled to all the remedies of ordinary mortgagors and mortgagees. The grantee may maintain an action for the foreclosure of the grantor's equity of redemption; the grantor may maintain an action to redeem and to compel a reconveyance upon his payment of the debt secured." 3 Pomeroy, Equity Jurisprudence (4th ed.) sec. 1196.

There are numberless cases in which creditors have proceeded in attachment to subject to the payment of their claims personal property conveyed by their debtors to favored grantees by bills of sale absolute in terms. In such cases replevin is common on the part of such grantees to recover possession from the sheriff who has taken in attachment. But such cases are on ground of fraud or directly as provided by statute, and are not commonly between the grantor and grantee as plaintiff and defendant. Other cases are numerous in which the true character of such bills of sale is set up as a defense, which is permissible under our statute providing that a defendant may plead all of his defenses, equitable as well as legal, so far as they are not inconsistent. Plaintiff cites several cases of the kind above referred to, but they are

not persuasive to the proposition that conversion is a proper remedy in this controversy.

Either in equity or in law, the court is constrained to believe and to hold that the fact that no demand was made for the return of the property does not abate the action or prevent a recovery. Fundamentally, demand and refusal are only evidential of the character of the holding. So, if it clearly appears from other evidence that the defendant would not return the goods, no demand need be made. It so appears here. Demand was unnecessary. *Wright v. Greenwood Warehouse Co.,* 7 Neb. 435; *Gross v. Scheel,* 67 Neb. 223.

Likewise, it was unnecessary for the plaintiff to tender the amount due the defendant before beginning action against him. The value of the property was ten times as great as the amount due the defendant. The defendant expressly refused to do anything further with the property. He claimed to own it. No tender need be made where it is obvious that it will not be accepted. The law requires no vain thing. 26 R. C. L. 624, sec. 3.

For the reasons above stated, the decision of the lower court must be reversed and the case remanded for proceedings in accordance with this opinion.

REVERSED.