WM. E. SUITER, Appellee, v. GUS D. WEHDE, Appellant.

No. 42291.

APRIL 3, 1934.

Claud M. Smith and James D. F. Smith, for appellant.

Clark & Clark, for appellee.

MITCHELL, J.—The appellant was the owner of a certain dwelling house, out buildings, and several acres of land located within the corporate limits of the town of Holstein, Ida county, Iowa. The legal description thereof being lengthy, same is omitted for the

sake of brevity, no question having been raised as to the correctness of same or identity of the property.

On January 8, 1929, the property of the appellant was sold at tax sale by the county treasurer of Ida county. On the 15th day of October, 1932, the treasurer issued a tax deed to the appellee. This was issued following the giving of the notice provided by statute and the failure on the part of the appellant to redeem, as by law provided. The appellee then served a thirty-day notice and three-day notice, as provided by statute, setting out that the appellant was wrongfully and unlawfully retaining possession of said premises. The appellant having failed to vacate the premises, in compliance with the notices that were served upon him by the appellee, the appellee on the 24th day of January, 1933, filed in the office of the clerk of the district court of Ida county his petition in forcible entry and detainer. It appears that the clerk of the district court through mistake docketed the forcible entry and detainer action of the appellee on the equity side of the calendar. It should of course have been docketed on the law side, but, due to the mistake of the clerk, it was docketed on the wrong side of the calendar. The appellant on the 6th day of February, 1933, filed answer to the appellee's petition, in which he denied all of the allegations of the petition, and alleged that said property was his homestead and that the appellee herein had no right, title, or interest in the property involved in this action; that said property was the property of the appellant, and the home and homestead of appellant and his family. On April 19, 1933, the second day of the next succeeding term of court, the appellant filed a motion and affidavit for continuance, and the cause was not assigned for trial, although the record does not show any ruling upon the motion for continuance at that time. On the 10th day of May, 1933, the appellee filed reply, generally denying allegations of appellant's answer. On May 12, 1933, the said cause came on for trial. On said date the appellant dictated into the record a motion to transfer said cause to the law side of the calendar, and on the same day filed a motion for continuance. Both the motion to transfer to the law side of the calendar and the motion for continuance were overruled, and the cause proceeded to trial. On the 17th day of May, 1933, the lower court entered judgment and decree, finding that the appellee was entitled to the immediate possession of the premises which were then wrongfully detained by and in possession of the appellant; that said appellant and all persons

holding under, by, or through him were ordered removed from said premises and the appellee put in possession thereof; and that judgment was thereby rendered against the appellant and in favor of the appellee, accordingly; that execution issue out of the office of the clerk of the district court of said county and to the sheriff of said county, commanding him forthwith to remove the appellant and all persons holding under, by, or through him, from the premises, and to put the appellee in possession thereof.

The appellant, being dissatisfied with the judgment and decree of the lower court, has appealed to this court.

■ There are but two propositions that concern us in this case, which are argued by the appellant.

The first is, whether or not the court erred in overruling the motion to transfer the case from the equity to the law side of the calendar.

It is of course true that an action of forcible entry and detainer is a law action. But, under Code, section 12276, which is as follows:

"12276. How title tried. When title is put in issue, the cause shall be tried by equitable proceedings," the action becomes one triable on the equity side of the calendar. We find in the case at bar that the appellant filed answer to the petition of the appellee, in which the appellant himself put in issue the question of the title to the real estate in dispute, and, in accordance with Code, section 12276, the action therefore became one that should be tried by equitable proceedings, and the lower court was right in overruling the motion.

■ The second question raised by the appellant is that the court erred in overruling the motion for a continuance. The record shows that the witness the appellant desired to use was the brother of the appellant; that he had been confined to his bed for some time; that no effort was made on the part of the appellant to secure his testimony, although the appellant was well aware of the fact that the witness would not be able to be present in court; the case was pending in the district court from the 24th day of January, 1933, to May 12, 1933, a matter of four months that the witness was available; and that no effort was made to secure his testimony during that period of time. It also appears that since the trial the witness has died. A ruling on a motion for continuance involves the exercise of sound judicial discretion, and, unless prejudice is shown, will not be disturbed by this court. In the case of Cavanagh

v. O'Connor, reported in 194 Iowa 670, at page 672, 186 N. W. 907, 908, this court said:

"A ruling on a motion for continuance may be reviewed on appeal, but it is not an appealable order. Such a ruling involves the exercise of sound judicial discretion. Prejudice must be shown by appellant. The instant ruling is without prejudice by reason of the death of Mr. Runion a few months subsequent to the trial. If sufficient grounds for reversal exist, no beneficial result would be obtained by a reversal. * * * The motion was, however, properly denied."

And so in the case at bar. If there were sufficient grounds for reversal, no beneficial result would be obtained by reversal in this case, for the witness whom the appellant desired to have testify is now dead.

We have given careful consideration to the record in this case. It involves the ousting of an individual and his family from their home. In the case at bar, there appears to be a fight between brothers-in-law, for the appellee who seeks to oust the appellant is the brother-in-law of the appellant. It is unfortunate that these parties have not been able to adjust this matter without resorting to court. The court does not make the law; the legislature of the state is charged with that responsibility. In the case at bar, the appellee is entitled under the laws of this state, as prescribed by the legislature, to the relief prayed for, and, as much as we regret the ousting of an individual and his family from their homestead, it becomes our duty to affirm the judgment and decree of the lower court.—Affirmed.

CLAUSSEN, C. J., and EVANS, STEVENS, KINDIG, ANDERSON, and KINTZINGER, JJ., concur.