### JULIETTE G. DAKIN vs. FRANCIS G. SAVAGE.

Suffolk.   March 8, 9, 1898. — September 14, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Construction of Deeds — Trust — Mortgage — Statute of Uses.*

In this case, which was a petition for the partition of real estate, the court said that it appeared from the two deeds in question that all parties intended that the grantee in each deed should take the legal estate in fee and in trust, and not as feoffee or grantee to uses, and that, when the active duties of the trust ceased with the discharge of a mortgage upon the premises which was referred to in each deed, the statute of uses did not of its own force immediately vest the legal estate in the beneficiary and his heirs.

In a case of difficulty depending on nice and not very well defined distinctions, where all the parties legally and equitably interested have acted upon a particular construction of a deed or deeds, it is wise to follow that construction unless it is forbidden by some positive rule of law.

PETITION to the Superior Court, for partition of real estate in Boston.   Trial without a jury, before *Hammond*, J., who found ,

for the respondent; and the petitioner alleged exceptions, which appear in the opinion.

W. M. Stockbridge, for the petitioner.

M. P. Beckett, for the respondent.

FIELD, C. J.   This is a petition for partition by one grand-child of Lois Davis against another.   The petitioner is the only child of Celestia W. Chase, a child of Lois Davis, and the respondent is one of the two children of Mary Ann Savage, the other child of Lois Davis.   Lois Davis died intestate on May 31, 1852, leaving as her sole heirs Celestia W. Chase and Mary Ann Savage.   Celestia W. Chase died intestate on July 9, 1888, leaving no husband, and leaving the petitioner as her only heir.   Mary Ann Savage died intestate on June 27, 1892, leaving no husband, and leaving George H. Savage and Francis G. Savage as her only heirs.   In 1893, by proceedings in partition between George H. Savage and the respondent, the respondent acquired all the interest of George in the premises.

The contention of the petitioner is that by the first two deeds hereafter mentioned the legal fee in the premises vested in Lois Davis by the operation of the statute of uses when the mort-gage referred to in the deed of Oliver Kimball to John Henry, trustee, was discharged, which was on December 2, 1844; that the deed made by Gould, trustee, to Mary Ann Savage and her children, dated April 16, 1851, conveyed no interest whatever in the premises because he had none when the deed was executed; that therefore Lois Davis died seised in fee of the premises, and the title passed by descent, one half to her daughter Celestia W. Chase, and one half to her daughter Mary Ann Savage, and that on the death of the daughters respectively, each daughter's share passed to her child or children.

The contention of the respondent is that the legal fee never vested in Lois Davis, but vested successively in the grantee in each of the two deeds mentioned, as trustee for her until the conveyance made by Gould, trustee, at her request, when the title vested in her daughter Mary Ann Savage for life, re-mainder in fee in the two children of Mary Ann Savage, and the trust ceased; that if this is not so, Mary Ann Savage and the respondent acquired by adverse possession a title in fee to the whole of the premises; and that, if neither of these conten-

tions can be maintained, the petitioner is estopped by her conduct from maintaining her petition. It is not disputed that Lois Davis and her trustees acted on the belief that the legal title was in the trustees up to the time of the conveyance by Gould, trustee, to Mary Ann Savage for life, remainder in fee to her children, but it is argued that it is immaterial what they thought about it, as the statute of uses takes effect as a positive rule of law.

The first deed, that of Oliver Kimball to John Henry, dated June 11, 1844, purports to be "in consideration of six hundred and twenty dollars and fifteen cents to me paid by John Henry of Boston, in the county of Suffolk, as he is trustee of Mrs. Lois Davis," and to "give, grant, bargain, sell, and convey unto the said John Henry, his heirs and assigns, as trustee as aforesaid and upon the trust hereinafter set forth," the premises. The habendum is as follows: "To have and to hold the above granted premises, with the privileges and appurtenances thereto belonging, to the said John Henry and his heirs and assigns, to the sole use and behoof forever of said Lois Davis, her heirs and assigns, and in trust for her heirs and assigns." The trust set forth in the deed is as follows: "The above lot of land is under mortgage to Arthur W. Austin, and is sold and conveyed subject to that mortgage, the mortgage being for five hundred dollars and interest on that sum from and after the first day of April now last past, and providing for insurance on such building as is agreed to be built thereon, and the said Henry is to perform the conditions of said mortgage, the amount thereof being deducted from the consideration and purchase price above mentioned."

If this be construed as a deed of bargain and sale, the use for Lois Davis and her heirs and assigns would be a use upon a use, which is not within the statute of uses. Under our decisions, the deed can be construed as any form of conveyance necessary to effect the intent of the parties; but it ought not to be construed to be an instrument different from what it purports to be in order to effect a purpose other than that intended by the parties. The intent of the parties certainly was not that John Henry, his heirs and assigns, should be a mere conduit through which the legal estate should pass to Lois Davis, her heirs and assigns, immediately on the delivery of the deed, for the deed

was upon a trust, which, during the existence of the mortgage at least, might require the performance of active duties on the part of the trustee.

The deed of John Henry, " as trustee of Mrs. Lois Davis," to Thomas Gould, dated November 9, 1844, purports to be on a consideration paid by Thomas Gould, " as he is trustee now for the same Lois Davis," and to " sell, transfer, and convey unto said Thomas Gould, his heirs and assigns, as trustee for said Lois Davis and upon the trust hereinafter mentioned and set forth." The trust set forth is in substance the same as in the preceding deed. The habendum is as follows: " To have and to hold the said land and all the buildings thereon, and all the privileges and appurtenances thereto belonging to him, the said Thomas Gould, his heirs and assigns, in trust for the sole use and benefit of her, the said Lois Davis, her heirs and assigns for-ever. And I, the said John Henry, having had connection with the premises only as trustee for said Lois Davis, and now con-veying the same at her request and transferring the trust to said Thomas Gould, am in no wise to be liable to any claim or de-mand whatever relating to the premises." This in form is not a deed of bargain and sale. The trust, when this deed was made, was still active, as the mortgage referred to had not been discharged, and it is plain on the face of the deed that the grantor regarded himself as seised in fee and in trust, and as conveying the premises at the request of the *cestui que trust* to Gould, his heirs and assigns, to hold upon the same trust as he, the grantor, had held the premises.

Without examining the many nice distinctions which have been taken under the statute of uses between trusts and uses, and having regard to the principle well established that deeds are if possible to take effect according to the manifest intention of the parties, we think it appears from the two deeds first men-tioned that all parties intended that the grantee in each deed should take the legal estate in fee and in trust, and not as feof-fee or grantee to uses, and that when the active duties of the trust ceased with the discharge of the mortgage the statute of uses did not of its own force immediately vest the legal estate in Lois Davis and her heirs.

The deed of Thomas Gould, trustee, to Mary Ann Savage, for

life, remainder in fee to her children, and the written request of Lois Davis that this deed be executed, show what all the parties who had any legal or equitable interest in the premises then thought about the title.* In a case of difficulty depending on nice and not very well defined distinctions, where all the parties legally and equitably interested have acted upon a particular construction of a deed or deeds, it is wise to follow that construction unless it is forbidden by some positive rule of law, and in the present case the phraseology of the first two deeds is such that we cannot say that the construction which the parties have acted on violates any rule of law. The grantee in each of these deeds undoubtedly took the legal title for the purposes of the trust until the mortgage referred to was discharged, but the effect of the discharge of the mortgage upon the estate of the grantee is not provided for in the deeds. When discharged, the trust ceased, and the natural construction of the deeds is that it then became the duty of the trustee to convey on request the legal estate to Lois Davis and her heirs, or to her assigns. See *Stearns* v. *Palmer*, 10 Met. 32; *Simonds* v. *Simonds*, 112 Mass. 157, 164.

We find it unnecessary to consider the other questions argued.

*Exceptions overruled.*

---

* This deed was dated April 16, 1851. The written request of Lois Davis, which was of the same date, contained the following: "I . . . do hereby signify that said deed has been prepared in accordance with my instructions and in compliance with my wishes, and I do desire and request my trustee, Mr. Gould, to execute and deliver the same."