## ASA J. SMITH, PETITIONER.

Hampshire, February, 1905.

*Deed — Use — Words of Inheritance Lacking — Fee — Resulting Use.*

This case raises an interesting question under the Statute of Uses.

One Jefferson Hill deeded locus for a consideration paid by one Derby, habendum to him, Derby, his heirs and assigns, to the use, behoof and benefit of Samuel T. Murdock and his wife Charlotte, during the natural lives of each and both of them. Annexed to that deed, of even date and recorded with it, was a covenant by said Derby " the within named grantee," in consideration of love and affection to his mother Charlotte M. Murdock and her husband Samuel T. Murdock, to stand seized of said land for the use and benefit of said Samuel and Charlotte during their natural lives. And recorded three years later, but of even date with the deed from Hill to Derby and its annexed covenant, is a mortgage from Derby to Hill with full covenants of warranty. Title thereafter comes under said Derby, the immediate deed from him being expressed to be subject to a life lease to said Charlotte and Samuel.

The examiner reports adversely on the title, being of opinion that the deed from Hill to Derby conveyed only an estate for the lives of Samuel and Charlotte Murdock. It seems to me, however, that that deed conveyed a fee.

It is the province of the habendum proper to declare the extent of the estate. Perkins, P. B., 174. The use is not an essential part of the deed and is not necessary or proper to

the passing of the fee.  Leake, Land Laws, Chap. 3, Sec. 2.
It is true that words of inheritance are as necessary to the
creation of an estate in fee under the use as under the grant,
but in this deed there is no question of any intention to
create a fee under the use to Charlotte and Samuel.  The
sole question is as to the use after their life estates, there
being no express declaration in regard thereto.  The Statute
of Uses simply worked a conversion by operation of law of
the existing use whatever it might be (for life, for years, in
remainder, or in fee) into a legal estate and seisin of cor-
responding extent.

Express declaration alone is not the only method for the
creation of a use.  A use may arise either from express
declaration or merely by implication from the payment, or
lack of payment, of a consideration.  The use did not have
to be in writing until the passing of the Statute of Frauds,
and even under the Statute of Frauds the necessity for a
declaration in writing is confined to a declaration for the
benefit of third parties.  A resulting use is not covered by
the provisions of the Statute of Frauds.  Saunders on Uses,
5th ed., p. 104.  The recital of consideration in the deed
serves as an implied declaration of the use to the feoffee
when not otherwise expressly disposed of.  1 Coke, 24a, Por-
ter's Case.

If there were no declaration to uses, and no recital of
payment of consideration, then the use resulted to the grantor.
Not only so, but the grantor remained in as of his old estate,
and under Lord St. Leonard's Act even the scintilla juris in
the feoffee was extinguished, or rather immediately trans-
ferred back to the grantor under the resulting use, so that
the practical result reached was, as stated in modern phrase,
that the deed being without consideration was invalid.  As
a technical matter, however, the fee passed, but under the
Statute of Uses and Lord St. Leonard's Act, passed back
again instantaneously.  And so " if the conveyance be in fee

and the use be for a particular estate only," (as in the case at bar) " and no consideration appears to carry the residue, so much of the use as is undisposed of by the declaration remains in the grantor." Leake, Land Laws, p. 107. " To conclude this point, whosoever is seised of land, hath not only the estate of the land in him, but the right to take profits, which is in nature of the use, and therefore when he makes a feoffment in fee without valuable consideration to divers particular uses, so much of the use as he disposeth not, is in him as his ancient use in point of reverter." Co. Lit., 23a.

It is further stated by Leake that a consideration paid in such cases will be presumptively attributed to. the estate limited, and, therefore, will afford no inference as to the use undisposed of. The citations to this last statement in Leake do not, however, sustain that proposition to its full extent. The case put by Saunders is that of an estate for valuable consideration to the feoffee and heirs, to use of them for their lives, and he says that the remainder of the use will result to the grantor, " for the extent of the express limitation is the measure of the consideration." It is because the use is to the feoffee himself for life that the use is obviously exhausted by the consideration, and in the same paragraph he adds, " that it is the intention of the parties to be collected from the face of the deed that gives effect to resulting uses." Saunders on Uses, 5th ed., p. 102. This last statement is the key to the whole situation. It is the intention of the parties that governs. Where it is obvious that the feoffee is not to have the full beneficial estate, he will not get it at law under the Statute of Uses any more than in equity under the law of trusts, and vice versa.

Where an estate is given to a trustee as trustee expressly and solely to carry out certain trusts which fail or determine, the residue results. Ellcock v. Mapp, 3 House of Lords Cases 492. Where a grant is to a trustee of the entire fee,

but merely subject to certain trusts which fail or determine, the residue will not result. Clarke v. Hilton, L. R., 2 Eq. Cas. 810. These last cases with full notes are to be found in Professor Ames' Cases on Trusts. And so a resulting use may be rebutted by even a parol declaration in favor of the conusee. Sudgen's Notes to Gilbert on Uses, p. (57).

A use shall not result against the intention of the parties. So although upon a fine levied without consideration or declaration of a use, the use will prima facie result to the conusor in fee. Yet if even several years afterwards a precipe is brought against the conusee and a recovery suffered, the use shall be held to be fixed by the intent of the parties in the conusee in order to make him a good tenant to the precipe. Sug. Gilbert, p. (64); Altham v. Marquis of Anglesey, Gilbert, Eq. p. 16; Thrustout v. Peake, 1 Strange, 12. These last cases, although decided nearly two hundred years ago, are practically on all fours with the case at bar. Here the presumption, if there be one, of a resulting trust is rebutted by the mortgage back of the entire estate to the mortgagor. The use must be held to be fixed by the intent of the parties in the grantee in order to make him a valid grantor to the mortgage.

But even without this it does not seem that the consideration paid by the grantee for an estate in fee can be deemed to be exhausted by the creation of an estate for life in favor of his mother and stepfather. It would have been far more natural to have secured a mere life lease to them direct from the grantor. The whole complicated machinery used (or misused) by the parties, indicates an attempt to carry out of the grantor, and into the grantee, an estate in fee, subject to a life interest in favor of the two life tenants.

As said in another recent case in which the parties had become entangled in an attempted feoffment to uses, " in a case of difficulty depending in nice and not very well defined

distinctions, where all the parties legally and equitably inter-
ested have acted on a particular construction of a deed or
deeds, it is wise to follow that construction unless it is for-
bidden by some positive rule of law."   Dakin *v*. Savage, 172
Mass. 23.

Decree for petitioner.