## NEW ENGLAND MUT. LIFE INS. CO. v. GRANT et al.

### Civil Action No. 2806.

District Court, D. Massachusetts.

July 14, 1944.

Vincent V. R. Booth, and George Hoague, both of Boston, Mass., for plaintiff.

Paul B. Sargent, of Boston, Mass., for defendants Harvey A. Grant and Irma D. Grant.

Marcien Jenckes and Bailey Aldrich, both of Boston, Mass., for defendants Elizabeth T. Everett and Jake Tirey.

FORD, District Judge.

This is an interpleader suit in which the respondents Grant, beneficiaries under a policy of life insurance, move to strike from the jury list the trial of the claim of the respondents Tirey and Everett, executor and wife respectively of the deceased, that the respondent Everett is entitled to a certain balance of the proceeds of the policy.

Counsel for respondents Tirey and Everett have conceded that the only theory upon which they may recover is that of a trust. They have not alleged any of the elements of a constructive trust, such as mistake, fraud, duress or undue influence, but only an express parol trust for the benefit of Elizabeth Tirey Everett. But a trust in which the only duty on the part of the trustee is to convey property to the beneficiary is nevertheless an active trust in Massachusetts. 1 Scott on Trusts, s. 69.1; Rothwell v. Rothwell, 283 Mass. 563, 186 N.E. 662; Dakin v. Savage, 172 Mass. 23, 51 N.E. 186. And active trusts are ordinarily enforceable exclusively in equity. Restatement, Trusts, Mass. Annotations, s. 197.

It is true that in Massachusetts "where there is or has been a trust, and it is the duty of the trustee to pay to his cestui que trust a definite sum of money on demand, and nothing else remains to be done, an action at law can be maintained by the cestui que trust." Henchey v. Henchey, 167 Mass. 77, 79, 44 N.E. 1075, 1076. However, if the exact amount due is not definitely known, so that an accounting will be necessary to ascertain it, the law is well established that an action will not lie for money had and received. 2 Scott on Trusts, §§ 198--198.1; Taft v. Stow, 174 Mass. 171, 54 N.E. 506; Upham v. Draper, 157 Mass. 292, 32 N.E. 2; Bouve v. Cottle, 143 Mass. 310, 9 N.E. 654; Davis v. Coburn, 128 Mass. 377. In the case at bar, respondents Everett and Tirey do not set forth any specific sum claimed to be due them. Instead, they admit an indebtedness out of the funds in question to the respondents Grant in an unknown amount (but alleged to be "approximately $1000") and merely claim any balance.

Moreover, it is equally well established that a cestui que trust may not sue his trustee at law for money had and received when more remains to be done in discharge of the trust than a final payment of money. Restatement, Trusts, Mass. Annotations, § 197. From this, and from the added fact, as stated above, that the amount claimed is not ascertained, it follows that the respondents Tirey and Everett are not entitled to a jury trial on their alternative claim that there was an agreement by the Grants to "apply the aforesaid balance of the proceeds of the policy to the use and benefit of the respondent Elizabeth Tirey Everett in case of her need".

The respondent Tirey makes no contention here that he is presenting a claim for breach of contract based on the Grants' promise to the insured decedent. It is therefore not necessary to decide whether he could maintain such a claim at law and consequently be entitled to a jury trial. Cf. McCarthy v. Metropolitan Life Insurance Co., 162 Mass. 254, 38 N.E. 435.

For these reasons, the case is ordered stricken from the jury calendar and transferred to the calendar of cases for court trial.